HEMAN B. HORN *versus* NATHAN NASON & *al.*

By the provisions of the Rev. St. c. 148, a bond taken of a debtor, under arrest or imprisonment, by the officer, is valid as a statute bond, although the penalty, from mistake, accident or misapprehension, shall exceed or fall short of double the sum for which such debtor was arrested or imprisoned ; and the rights of the parties are to be regulated by the statute.

Where no attempt has been made to perform the condition of a poor debtor's bond, valid under the statute, the measure of damages is prescribed by the thirty-ninth section of Rev. St. c. 148.

When the principal has not attempted to perform any of the conditions of a poor debtor's bond within the prescribed time, and it has become forfeited, if he afterwards files his petition and obtains his discharge as a bankrupt, this cannot discharge his surety.

THE action was debt against Nathan Nason and Reuel Jacobs, commenced April 9, 1842, upon a poor debtor's six months bond, dated Oct. 8, 1841, in the penal sum of $69,46, given by Nason, as principal, and by Jacobs, as surety, to procure the release of the former from an arrest, that day made upon an execution against him in favor of the plaintiff, issued on a judgment, recovered in 1841, for $28,19 damage, $6,36 costs, 15 cents for execution, $1,69 officer's fees and interest.

At August term of the District Court, 1842, the defendants filed a written offer to be defaulted for one dollar, debt, and costs to be taxed according to law.

At the trial in the District Court, April Term, 1843, Nason proved that he received a discharge as a bankrupt, on Nov. 1, 1842 ; having filed his petition on April 19, 1842 ; and it was also proved that he had no visible property, liable for the payment of debts, at the time of his arrest on the execution.

After the trial was finished, the parties agreed to turn the evidence given into a statement of facts, with authority for the

Court to draw any inferences and to decide any questions of fact, which a jury would be authorized to do; and thereupon REDINGTON J. then presiding, ordered judgment to be rendered aginst Jacobs for one dollar, damages, and legal costs to the time of the offer to be defaulted, and that Jacobs should recover costs afterwards, and that Nason should recover costs against Horn. The plaintiff appealed.

*Bradbury,* for the plaintiff, said that allowing costs for Nason from the first term was clearly erroneous. If entitled to any costs, it could only be after proving his discharge.

The plaintiff is entitled to recover the amount of his debt, costs, officer's fees and interest, under the provisions of Rev. St. c. 148, § 39. The principal did not file his petition in bankruptcy until after the bond had become forfeited. He did nothing towards a performance of the condition of the bond, and the measure of damages, is fixed by the statute, if this is entitled to be considered as a statute bond. By the 43d section of the same chapter, when the penalty is accidentally made too large or too small, the bond is nevertheless a statute bond.

There is no ground whatever here for contending that the surety is discharged by the certificate of the principal under the bankrupt law. There was no possibility for the principal to perform. He had not even filed his petition until ten days after this suit was brought.

*Child,* for the defendant, contended that this was not to be considered a statute bond. It certainly is not such under the twentieth section, because the penalty is not for double the sum for which the arrest was made. It is not made so by the forty-third section. That was not intended to make the bond a statute bond, but like very many other provisions in the Revised Statutes, was intended to enact the decisions of the Court on the subject, and to confirm them, instead of destroying them. This section is merely in affirmance of the common law.

But even if it is to be considered good under the statute, the defendants are entitled to have judgment rendered for the

damages actually sustained only, under the general provisions of the statute allowing chancery in bonds with a penalty.

The surety is discharged by the discharge of the principal under the bankrupt act. The argument in support of this position will be made in another case, to be argued at this term.

The opinion of the Court was prepared by

SHEPLEY J. — This suit is upon a poor debtor's bond. The case does not disclose any attempt to perform the condition. The bond had become forfeited before the principal filed his petition to be declared a bankrupt. The rights of the plaintiff were fixed. A debt had become due to him upon it from both principal and surety. The subsequent discharge of one of his debtors by the proceedings in bankruptcy did not discharge the other or affect his right to recover against him.

The bond was not made in double the sum, for which the debtor was arrested or imprisoned as required by statute, c. 148, § 20. Bonds not in conformity to the statute provisions made before the late revision of the statutes were not considered as authorized by any statute provision, and the rights of the parties to them could not therefore be considered as regulated by statute. Those rights were in all respects to be determined by the rules of the common law. In the late revision a new provision was introduced in c. 148, § 43, declaring, that a bond taken of a debtor under arrest or imprisonment by the officer shall be valid, although the penalty from mistake, accident or misapprehension, shall exceed or fall short of the sum required by law. This bond is therefore valid by virtue of that provision; and it would seem to follow, that the rights of the parties should be regulated by the statute. In addition to this it appears, that the bond was taken by virtue of the twentieth section, and the thirty-ninth section provides, that if the debtor fail to fulfil the condition of any such bond, that is, one taken by virtue of the twentieth section, the same shall be forfeited, and judgment in any suit on such bond shall be ren-

dered for the amount of the execution and costs and fees of service, with interest on the same.

It is said that this construction will operate as a repeal of the twentieth section so far as it determines the penal sum of the bond. This is not perceived. That provision will continue to be binding upon the debtor and the officer. A violation of it is only excused in case of mistake, accident, or misapprehension. The twentieth and the forty-third sections may well exist together, and the provisions of both have their appropriate and designed effect. The latter seems to have been intended to secure to the judgment creditor the same rights, to which he would have been entitled, if no such mistake, accident, or misapprehension had occurred. And such a provision may well be permitted to operate according to a literal interpretation of the statute, when the only effect is to prevent the obligors from taking advantage of any such mistake, accident, or misapprehension in which they have participated in making the bond.

The plaintiff is entitled to judgment against Jacobs according to the provisions of the thirty-ninth section; and Nason is entitled to a judgment in his favor with costs in this Court only.