MATTHEW BULKLEY *vs.* HENRY FINCH AND ANOTHER.

In a declaration on a penal bond the penal sum was averred to be payable "in a reasonable time when thereto requested." The declaration then set out the condition of the bond, and the breach of the condition, and averred that by reason of the breach a right of action had accrued to the plaintiff to recover of the defendants the amount of the bond, but did not aver that a reasonable time had elapsed after demand made. Held that, inasmuch as it appeared by the declaration that the bond could not become payable until there was a breach of the condition, the averment that it was payable in a reasonable time after request was inconsistent with the other parts of the declaration and might be treated as surplusage, and that consequently the declaration was not insufficient in not averring that a demand had been made and that a reasonable time had elapsed.

Where a penal bond becomes payable upon a breach of the condition and the principal obligor is the party by whom the condition is to be performed, such principal obligor must have knowledge of the breach if one exists, and no notice or request is necessary to fix his liability.

The co-obligors of the principal upon such a bond stand as sureties only between themselves and the principal, but as to the obligee of the bond are liable in all respects as principals, and are entitled to no notice or request to which the principal is not entitled.

By statute an execution may be levied on the body of a debtor only where personal estate sufficient to satisfy the debt cannot be found. Held that where the debtor refused to turn out personal property and the officer knew of none, the officer might safely assume that there was none.

---

* Judge Phelps of the Superior Court was called in, the vacancy made by the death of Chief Justice Hinman not yet having been filled.

Where a debtor imprisoned upon an execution is permitted at his own request to go to a place outside of the prison limits in company with the jailer, although it may be a voluntary escape as between the debtor and creditor, yet it does not render his subsequent detention illegal, nor a bail-bond afterwards given void. A prisoner after being released on bail was required by the jailer to return to the jail every night, which he did until he escaped. Held, in a suit on the bail-bond, that if this requirement was illegal, the prisoner's remedy was in refusing to submit to it, and in an action for damages if compelled to submit, and that it did not justify his escape from the prison limits.

DEBT on a bail-bond executed to the plaintiff as sheriff, brought to the Superior Court in Fairfield County, and tried to the jury before *Sanford, J.*

The declaration, after describing a judgment obtained by one Charles Albin against the defendant Curtis Finch and others, and averring that the body of the said Curtis Finch was on the 17th day of January, 1867, taken by the officer on the execution issued on the judgment and committed to jail, proceeded as follows:

" And that the said Curtis Finch was afterwards, to wit, on the 29th day of January, 1867, by reason of his arrest and commitment as aforesaid, lawfully confined in said jail and in the custody of the plaintiff, who was then sheriff of said Fairfield County and the keeper of said jail, and lawfully in the custody of the plaintiff as such sheriff; and being so in the custody of the plaintiff as such sheriff, and confined in said jail as aforesaid, the defendants, on the day last aforesaid, in and by a certain bond or writing obligatory by them well executed, and delivered to the plaintiff, dated the 29th day of January, 1867, acknowledged themselves holden and firmly bound unto the plaintiff in the sum of three hundred and twenty dollars, to be paid to him, the plaintiff, his attorney, executors, administrators or assigns, in a reasonable time when thereto requested, as by said bond or writing obligatory, ready in court to be shown, appears: which said writing obligatory was and is subject to a certain condition, to wit, that whereas the said Curtis Finch had been committed before that time, to wit, on the 24th day of January, 1867, by Harvey Fitch, deputy sheriff of said county, to the keeper of the jail in Bridgeport, in said county, within the said jail, by virtue

of an execution issued from the Superior Court for Fairfield County, by the clerk of said court, at the December term thereof, in the year 1866, in favor of Charles Albin, of said New Canaan, against Joseph Moore, Samuel Smith, Henry Finch and Charles Finch, all of said Norwalk, and the said Curtis Finch, for the sum of one hundred and twenty-five dollars damages, and eighty dollars and forty-five cents costs of suit, said execution bearing date the 19th day of January, 1867, and the said Curtis Finch is now held in close confinement in said prison, and whereas the said Curtis Finch is desirous of having and enjoying the liberties of said jail, which have been refused by the authorities appointed by law for that purpose; and whereas the said sheriff deems it necessary to take from the said Curtis Finch a bond, with one sufficient surety, that he, the said Curtis Finch, will remain a faithful prisoner within the limits of said liberties until he shall be lawfully discharged; now therefore, if the said Curtis Finch, when admitted to said liberties, shall remain a faithful prisoner within the liberties of the jail aforesaid until he shall be lawfully discharged from said jail and the liberties thereof, then the above obligation shall be void, otherwise to remain in full force; as by said bond or writing obligatory ready in court to be shown, appears. And the plaintiff says that afterwards, and by reason of the execution of said bond, to wit, on the same day, he, as sheriff of said county, allowed the said Curtis Finch the liberties of said jail, and that the said Curtis Finch was thereafter admitted to, and had and enjoyed, the liberties of said limits without any hindrance by the plaintiff or any other person, yet the plaintiff says that the said Curtis Finch did not thereafter remain a faithful prisoner within the liberties of said jail until he was discharged by law therefrom, but did afterwards, to wit, on or about the 30th day of March, 1867, escape from and leave the said jail, and the liberties thereof, contrary to law, and has ever since neglected to return to said jail, or the said liberties thereof, but has ever since remained at large and out of the custody of the plaintiff, as such sheriff, and keeper of said jail, and cannot now be found. By means whereof the plaintiff became

liable to pay the said Charles Albin said damages and costs, with the costs of keeping the said Curtis Finch in said jail during all the time aforesaid, amounting in all to the sum of three hundred dollars, or thereabouts, (and being so liable the plaintiff afterwards, to wit, on the same day, paid the same to the said Charles Albin,) whereby an action has accrued to the plaintiff to demand and recover of the defendants the said sum of three hundred and twenty dollars; yet the defendants have never paid the same, or any part thereof, though often thereto requested, but have hitherto wholly neg-lected and refused, and still do neglect and refuse, to pay the same or any part thereof, to the plaintiff; to the damage of the plaintiff the sum of five hundred dollars, to recover which, with just costs, the plaintiff brings this suit."

The defendants pleaded the general issue, and also specially, first, performance of the condition of the bond, and secondly, a voluntary escape.

On the trial the plaintiff offered in evidence the execution described in the declaration, with the officer's return of service endorsed thereon. The return was as follows: "Fairfield County ss. Norwalk, January 24th, 1867. Then by virtue hereof, on the 20th day of said January, I made demand of Joseph Moore, Charles Finch, and Samuel Smith, and on the 22d day of said January I made demand of Henry Finch, and on the 24th day of said January I made demand of Curtis Finch, of each and all of the several sums due hereon, and I called on all and each to turn out property, but each one and all of them neglected and refused to turn out any prop-erty to satisfy this execution. And I arrested the body of Curtis Finch, one of the defendants herein, and conveyed him to the gaol in Bridgeport, and delivered him into the custody of the keeper thereof, and left with the keeper a true and attested copy of this execution, and of my endorsement made thereon. Attest, Harvey Fitch, Sheriff's Deputy." This return was the only evidence offered of what was done by the officer until the delivery of the debtor to the gaoler in prison. It did not appear that the officer knew of any prop-

erty belonging to Curtis Finch, or that he was the owner of
any property whatever. The defendants, therefore, requested
the court to charge the jury, that if they did not find from the
evidence that the officer made some effort to find personal
estate with which to satisfy the execution, besides merely de-
manding payment of the execution, and demanding of the
debtors property whereon to levy the same, then the arrest
of Curtis Finch was illegal, his commitment to prison and
detention there wrongful, and the bond given by the defend-
ants void, and that the plaintiff was not entitled to recover.
The court did not so charge the jury, but did charge in this
part of the case, that the return of the officer endorsed on
the execution was *primâ facie* evidence of what he did with
the execution ; and that if the officer made demand upon the
debtors of payment of the execution, and payment was re-
fused, and he then made demand of property whereon to levy
to satisfy the execution, and none was shown him by the
debtors, and the officer knew of none whereon to levy, he
might arrest the body of the debtor.

The plaintiff also offered evidence tending to prove that
Curtis Finch was, on the 26th of January, 1867, committed
to and received within the common goal in Bridgeport by the
plaintiff, and confined therein by him, until permitted to go
out of the same as hereinafter mentioned ; that while so
confined in the goal he applied to the plaintiff to be permitted
to enjoy the liberties of the goal upon executing to the plain-
tiff a bond with a sufficient surety conditioned to remain a
faithful prisoner within the limits of the liberties till lawfully
discharged therefrom, which permission the plaintiff then
promised to give him upon the delivery of such a bond ; that
the defendants thereupon executed and delivered to the plain-
tiff the bond described in the declaration, and which was ac-
cepted by the plaintiff; that thereupon the plaintiff, on the 29th
of January, 1867, permitted Finch to go out of the gaol, and
enjoy the liberties thereof, until the 3d of March, 1867, when he
departed from the liberties, and returned to his house beyond
the liberties, where he remained till the commencement of
the present suit. And the plaintiff upon these facts claimed

to recover the damages and costs mentioned in the execution, with interest thereon.

The defendants offered evidence tending to prove, and claimed they had proved, that after the commitment of Finch to the goal, and while confined therein, and before the execution of the bond, the goaler, Wakeman Wells, appointed by the plaintiff, let him come to the court house in Bridgeport, at his, Finch's request, from the gaol, for the purpose of filing a motion to open the original case, he, Wells, accompanying him to the court house, and remaining with him and returning with him to the gaol. The only evidence that Finch went to the court house, as above stated, before the execution of the bond, was that of Finch himself, who testified that it was one week, more or less, after his commitment to the jail, but before the bond was executed. Wells was unable to fix upon the time, and the plaintiff claimed to have impeached the character of Finch. The defendants thereupon claimed, and requested the court to charge the jury, that if the jury should find that the gaoler Wells, while Finch was confined within the gaol, and before he was admitted to the liberties of the gaol, permitted him to leave the gaol and go to the court house, although the goaler accompanied him there, that act constituted a voluntary escape on the part of the plaintiff, and that the bond given by the defendants after that time to procure his liberty was void, and that the plaintiff was not entitled to recover. The court did not so charge the jury, but charged them that allowing Finch, at his request, to go to the court house, in the custody of the goaler, to enable him to file his motion, as above stated, would not be a voluntary escape.

No evidence was offered on the trial conducing to prove any demand or request made of the defendants, or either of them, before the commencement of the present suit, to pay the money which was payable by the bond. On this part of the case the defendants requested the court to charge the jury that, to entitle the plaintiff to recover, it was necessary that the plaintiff should have proved all the material allegations in his declaration; and that the allegation that the money

was "to bo paid in a reasonable time when thereto requested" was a material allegation; and that if the jury did not find that a request was made of the defendants, or at least of one of them, to pay the money mentioned in the bond, before the service of the writ, and that a reasonable time thereafter had elapsed for payment, the plaintiff could not recover. The court did not so charge the jury, but charged them that it was necessary that all the material allegations in the declaration should be proved, but that it was not necessary to aver a demand or request made, nor if averred was it necessary to prove it.

The defendants further requested the court to charge the jury that the reasonable time mentioned in the declaration did not begin to run till a demand was made on one or both of the defendants. The court did not so charge the jury. They further requested the court to inform the jury what constituted a reasonable time in this case. The court did not instruct the jury upon the point.

The defendants introduced evidence to prove, and it was not denied by the plaintiff, that after the delivery of the bond to the plaintiff and his acceptance thereof, and the release of Finch from the gaol, the gaoler Wells required, and he considered it to be his duty to require, Finch to return to the goal every night at 8 o'clock, and to be locked in the gaol until morning, and did so confine him every night from the 29th of January, 1867, to the 3d day of March, 1867, excepting one night, when he did not return until 11 o'clock, and that Finch would not have so returned to and submitted to such confinement in the prison if he had not been requested so to do by the gaoler. There was no evidence that the plaintiff was dissatisfied with the bond, or required additional security, or that the debtor had at any time departed beyond the liberties after the bond was given, before the 30th of March. The defendants thereupon requested the court to charge the jury that such confinement by the gaoler was illegal, and that on this ground the plaintiff could not recover. The court declined so to charge.

The jury having returned a verdict for the plaintiff the de-

fendants moved for a new trial for errors in the rulings and charge of the court and in the refusal to instruct the jury as requested. They also filed a motion in arrest of judgment, which being overruled, they filed a motion in error. The errors assigned in the latter motion sufficiently appear from the brief of the defendants' counsel.

*Sturges*, in support of the motions.

1. The declaration is insufficient to authorize a judgment thereon for the plaintiff.

The plaintiff does not set forth the bond, on which the action is founded, in its terms, but professes to set it forth according to its legal effect, alleging that the bond was to be paid in a reasonable time, when the obligors should be thereto requested. It is a bond upon a condition set forth in the declaration by which it should become obligatory only in case the obligor, Curtis Finch, should fail to do a collateral thing. This reasonable time and request to pay are parcels of the contract, and it was necessary to allege, not only that he did not perform the condition, but also that the plaintiff had requested the defendants to pay the bond, and that a reasonable time had elapsed for such payment, and that they had not made it. Henry Finch was a mere surety, and it was reasonable and proper that he should stipulate for a reasonable time for payment, after forfeiture of the bond and request made of him for such payment. In such case, the usual allegation that the defendants had not paid, though often requested, is not sufficient. Such allegation is never sufficient when a special demand is necessary. *Lyster* v. *Goldwin*, 2 Ad. & Ell., N. S., 143 ; *Wilson* v. *Tumman*, 6 Mann. & Grang., 236 ; *Nelson* v. *Bostwick*, 5 Hill, 37 ; 1 Cha. Pl., 363 ; Com. Dig., *Pleading, C.*, 69 ; *Bach v. Owen*, 5 T. R., 409 ; *Douglass* v. *Reynolds*, 7 Pet., 127 ; *Bacon* v. *Page*, 1 Conn., 404 ; *Rapelye* v. *Bailey*, 3 id., 438 ; *Canfield* v. *Merrick*, 11 id., 425 ; *Newell* v. *Roberts*, 13 id., 417 ; *Granger* v. *Dacre*, 12 Mees. & Wels., 431 ; *Davis* v. *Cary*, 15 Ad. & Ell., N. S., 418 ; 1 Wms. Saund., 33, note 2. It is not alleged in the declaration that a reasonable time had elapsed when the suit was com-

menced, and this is a fatal omission. A cause of action did not accrue till a reasonable time had elapsed, whether that time began to run before or after demand, or irrespective of any demand. The court in considering the sufficiency of the declaration can only look at the averments contained in it. It cannot know that such time has elapsed unless it be averred. *Newell* v. *Roberts,* supra; *Stavart* v. *Eastwood,* 11 Mecs. & Wels., 197. It is immaterial whether the reasonable time alleged in the declaration as contained in the bond should elapse before a demand should be made, or after it should be made. In either case there can be no cause of action apparent in this case, for there is no allegation of any lapse of time whatever. The more reasonable construction is that the defendants should have a reasonable time after demand made to pay, and that the time did not begin to run till demand was made. *Graham* v. *Van Diemen's Land Co.,* 30 Eng. Law & Eq., 574. The omission of these averments is not cured by verdict. The plaintiff is bound to prove only what he has alleged, and having proved all that he has alleged, he is entitled to a verdict, whether the declaration is sufficient or not, and therefore the court presumes that the facts alleged were proved and no other. 1 Smith Lead. Cas., (6 Am. ed.), 933; *Spieres* v. *Parker,* 1 T. R., 141; Com. Dig., *Pleading, C,* 69; *Rushton* v. *Aspinall,* Doug., 679; *Addington* v. *Allen,* 11 Wend., 374; *Griffin* v. *Pratt,* 3 Conn., 513; *Dale* v. *Dean,* 16 id., 580; *Tebbutt* v. *Selby,* 6 Ad. & Ell., 786. When a material fact is omitted in the declaration and so not put in issue, the case stands as it would upon a demurrer or default. *Tebbutt* v. *Selby,* supra; *Davis* v. *Cary,* 15 Ad. & Ell., N. S., 418, 426; *Jones* v. *Broadhurst,* 9 Mann. Grang. & Scott, 173, 179; *Dauchy* v. *Salisbury,* 29 Conn., 124; *Baker* v. *Fuller,* 21 Pick., 318; *Ladd* v. *Thomas,* 12 Ad. & Ell., 117.

2. The court erred in refusing to charge the jury as requested by the defendants, with regard to the duty of the officer to search for personal property on which to levy the execution. There is no evidence that the officer made any search to find personal property. The motion indeed finds that it did not appear that the officer knew of property be-

longing to the defendant Finch, or that he owned any property; the meaning of which is that no evidence was offered on this subject. But it does appear, by implication at least, that he did not make any effort to find any property, nor enquired of the execution debtors if they had any. The other execution debtors might have had an abundance of personal estate, and the officer might have known it at the time of demand made. The statute in terms makes it the duty of the officer to take personal estate if he can find it, before he can arrest the body. He shall also give to the debtor a reasonable opportunity to deliver to him personal estate. This opportunity was denied by this officer, for demand was made of the defendant in Norwalk, while his residence was in New Canaan, many miles distant, and then he was immediately arrested.

3. The permission of the jailer that the defendant should go beyond the liberties of the prison constituted a voluntary escape. The sheriff cannot rightfully permit a debtor to do this. If permitted the whole object of the imprisonment would be defeated. It nowhere appears that the court-house, to which the defendant was permitted to go, was within the prison liberties. This court cannot assume that it was. Nor is it any protection to the sheriff that the jailor accompanied the defendant to the court-house. If he could rightfully go with him there, he could go with him anywhere, and the imprisonment would be only in name. This permission being in violation of law constituted a voluntary escape, and from that time the imprisonment of the defendant was illegal, and the bond given by him to procure his release was void. It is no answer that the permission was given at the request of the defendant or for his accommodation. All voluntary escapes are or may be at the request of the debtor. *Bartlett v. Willis,* 3 Mass., 86; *Colby v. Sampson,* 5 id., 310; *Clap v. Cofran,* 7 id., 98; *Burroughs v. Lowder,* 8 id., 373; *Degrand v. Hunnewell,* 11 id., 160; *Clapp v. Hayward,* 15 id., 276; *Whitehead v. Varnum,* 14 Pick., 523; *The People v. Stone,* 10 Paige, 606; *U. States v. Noah,* 1 Paine, 368; *Thompson v. Lockwood,* 15 Johns., 256; *Dive v. Manningham,* Plowden, 60; *Lenthall v. Cooke,* 1 Saund., 161; *Mosedell's case,* 1 Mod.,

116; *Benton* v. *Sutton*, 1 Bos. & Pul., 24; Com. Dig., *Escape, C.*

4. The court erred in refusing to charge the jury that if they should not find that a request was made of the defendants or one of them to pay the bond, and that a reasonable time had elapsed thereafter for such payment before the service of the writ, the plaintiff could not recover. The court also erred in the charge which was given. Assuming the request alleged in the declaration to be sufficient, it is material and necessary to be proved. This bond is not for the payment of a mere debt due when given, but is an obligation to pay a collateral sum of money, the right to which would accrue only in case there should be a breach of the condition of the bond, which was also for the performance of a collateral act. Now it is alleged in the declaration that if there should be a breach of the condition of the bond, then, after a reasonable time, upon request, they would pay. It is certain that the allegations must be proved, or the plaintiff cannot recover on this declaration. It is not necessary to enquire on this motion whether it was necessary to allege a request, but being alleged it is necessary to prove it, because it is one of the terms of the bond itself as set forth in the declaration. The plaintiff has undertaken to declare on this bond according to its legal effect, and if the legal effect be that it is not payable on request, then there is a fatal variance between the declaration and the bond given in evidence. *Bristow* v. *Wright,* Doug., 665; *Harris* v. *Mantle*, 3 T. R., 307; 1 Smith Lead. Cas., (6th Am. ed.,) 901, 903, 920, 922; *Sheehy* v. *Mandeville*, 7 Cranch, 208; *Crawford* v. *Morrell*, 8 Johns., 253; *Bulkley* v. *Landon*, 2 Conn., 404; *Curley* v. *Dean*, 4 id., 259.

5. The court should have charged the jury that the reasonable time mentioned in the declaration did not begin to run till demand or request made. This is a reasonable construction. Henry Finch was a mere surety. He could not be presumed to know when his principal escaped, as the plaintiff must have known, having him in custody. Requiring a reasonable time to elapse before a demand should be made

could be of no advantage to the surety, as he could not be presumed to know when it began. But it would be reasonable, and ordinary prudence would dictate, that the surety should have a suitable time to make the payment after he should be notified of the forfeiture of the bond ; and the court should have so informed the jury. *Graham* v. *Van Diemen's Land Co.*, 30 Eng. Law & Eq. R., 574. And as no demand whatever was made a reasonable time had not begun to run, and no cause of action had accrued.

6. The last request of the defendants for instruction to the jury should have been complied with, and the court erred in withholding it. The debtor was entitled by law to the unrestrained liberty of the prison limits upon the delivery to and acceptance by the plaintiff of the bond in suit, and it was false imprisonment to deprive him of it. *U. States* v. *Noah*, 1 Paine, 368. Now the case shows that, after the delivery of the bond, the jailer required the debtor to return to the gaol every night at 8 o'clock, and to be locked therein until morning, from the 29th of January till the 30th of March, the day he left. Here was compulsory imprisonment within the walls of the prison in direct violation of the law, and the debtor had a right to escape from it by going beyond the reach of the gaoler and the means of this imprisonment. But not only this, the bond became void in consequence of the plaintiff depriving him of the liberty to which he was entitled by law, and the granting of which was the consideration and condition of the bond which had been given. This duty of the sheriff to permit this liberty and the obligation of the debtor to perform the condition of the bond, are in the nature of mutual covenants, as they are in fact mutual conditions, and the violation of this duty of the sheriff operates as a release and discharge of the bond, for it is essential to a right to recover upon it that the plaintiff should prove a performance of the conditions on his part to be performed. *Warner* v. *Smith*, 8 Conn., 14. It is no answer to this objection that the defendants in their plea did not give notice of this wrongful imprisonment and that they should rely upon it in their defence. The evidence of it was received without objection

then, and it is now too late to urge it. *Goslin* v. *Corry*, 7 Mann. & Grang., 342, 347.

*L. Warner, Jr.*, contra, cited, with regard to the officer's return, Gen. Statutes, p. 49, sec. 223, p. 55, sec. 248, and *Allen* v. *Gleason*, 4 Day, 376; as to voluntary escape, 1 Swift Dig., 544, *Huntington* v. *Williams*, 3 Conn., 427, *Seymour* v. *Harvey*, 8 id., 63, and *Brown* v. *Getchell*, 11 Mass., 11; and as to the necessity of a demand upon the bond, and of an averment that a reasonable time had elapsed, *Seymour* v. *Harvey*, 8 Conn., 70, and *Austin* v. *Burbank*, 2 Day, 474.

CARPENTER, J. The first question in this case arises on the motion in error. The claim is that the court erred in overruling the motion in arrest of judgment. The ground of that motion was that the declaration is insufficient. The alleged insufficiency consists in the want of an averment that a demand or request was made of the defendants to pay the money named in the bond declared on; and also in the want of an averment that a reasonable time for the payment of the money had elapsed before the commencement of this suit. By looking at the declaration it will be seen that the pleader, instead of declaring upon the penal part of the bond generally, as he might have done, took the more usual, and perhaps the better course, of setting out the condition, and averring a breach.

If, in describing the penal part of the bond, he had omitted the words "in a reasonable time when thereto requested," this question probably would not have arisen. By striking out those words, which relate to the time of payment, it will clearly appear from the declaration that the bond was not, and could not be, payable until there was a breach of the condition. That averment therefore is inconsistent with other parts of the declaration; and being, to some extent at least, repugnant, and the declaration being complete and sufficient without it, it may and ought to be treated as surplusage. If so, the necessity for averring a demand, and that a reasonable time had elapsed, disappears.

And it is very obvious that no such averment was necessary in itself to make a good declaration upon such a bond and condition set out together. So far. as the plaintiff is concerned both defendants are principals. Upon a breach of the condition the bond at once became payable. One of the defendants must have had knowledge of the breach as soon as it occurred, as he was a party to the breach. No notice to him, and no request, were therefore necessary to fix his liability. The parties have not stipulated that a reasonable time shall be allowed for payment, but on the contrary the fair inference from the terms and nature of the contract is, that he is bound to pay immediately. The other defendant must stand in the same situation. He is not, except as between himself and his co-obligor, a surety or guarantor, but is liable as principal upon an absolute contract. *Seymour* v. *Harvey*, 8 Conn., 63.

The remaining questions arise under the motion for a new trial.

1. The officer who served the execution by virtue of which Curtis Finch was arrested, made demand of him for payment of the execution. Payment was refused. He then made demand for property whereon to levy to satisfy the same, but none was shown him. As he knew of no property, he arrested the body. The court instructed the jury that the arrest was lawful. This instruction was unexceptionable. If the debtor refuses to pay, and refuses to turn out property, and the officer knows of none, he may safely assume that there is none. If the debtor has property he knows it. If he desires to protect his body from arrest, it is his duty to make it known to the officer. If he fails to do so, it comes with ill grace from him to complain that the arrest was illegal. *Allen* v. *Gleason*, 4 Day, 376.

2. After the arrest of the defendant, and before the execution of the bond in suit, the defendant, at his own request, was permitted to go to the court-house in Bridgeport, in company with the jailer, to attend to some matter of business. The defendants asked the court to instruct the jury that that was a voluntary escape, and rendered the subsequent deten-

tion illegal, and consequently the bond in suit void. The court refused so to instruct the jury. I think the defendants were not entitled to this instruction, even if it be assumed that the court-house was off the prison limits. Such a transaction might, perhaps, constitute an escape as between the creditor and the sheriff, but I can see no reason for allowing the debtor, at whose request and for whose benefit he was permitted to go to the court-house, to set up this claim and on that ground relieve himself from liability. But however this may be, a conclusive answer to this claim is found in the fact that it no where appears that the court-house was off the prison limits. That fact is material to this defence, and if the defendants would avail themselves of it the burden was on them to show it.

3. The charge of the court, " that it was not necessary to aver in the plaintiff's declaration a demand or request made, nor if averred was it necessary to prove it," was correct. So also was his refusal to inform the jury what constituted a reasonable time, and when the reasonable time mentioned in the declaration began to run. These points have already been sufficiently considered. I would remark however that the claim made in the argument, that by reason of these averments there was a variance between the declaration and the proof, cannot avail the defendants here, inasmuch as it does not appear that the question was made in the court below.

4. After the delivery of the bond, the jailer required the prisoner to return to the jail at night, which he did every night, with one exception, until his escape. And this, the defendants claimed, vitiated the bond, and the court was asked so to charge the jury. The court declined so to charge.

Precisely on what ground this claim is based is not readily perceived. There is no pretence that the bond was procured by fraud, or that there was any misrepresentation, either by the plaintiff or his jailer, in respect to the consideration of the bond. Nor is it claimed that any subsequent unlawful act of the jailer makes the bond illegal. The only plausible claim that can be made in respect to the matter is that there

has been a practical failure of consideration. But that is not a defence. In the absence of fraud, nothing short of a total failure of consideration will be a complete defence to the action. A partial failure may in some cases be a defence *pro tanto ;* but no such claim was made in this case, and the court was bound to meet only the claim made.

We cannot yield our assent to the claim that the prisoner had a right to depart from the limits to escape imprisonment, even though it be conceded that the imprisonment was illegal. If it was illegal, he was not bound to submit to this requirement, and would have been justified in resisting it, if necessary, by force. If compelled to submit, the appropriate remedy was by an action for damages.

The judgment of the Superior Court must be affirmed, and a new trial denied.

In this opinion the other judges concurred.