PHILLIP CARPENTER vs. JOHN W. GODDARD.

Suffolk.    January 15, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Bankruptcy. Surety. Poor Debtor. Words,* "Altered."

After a poor debtor arrested on execution has made default on his recognizance, an action by the judgment creditor against the surety on the recognizance is not barred by the subsequent adjudication of the poor debtor's bankruptcy, nor can such adjudication have the effect of reducing the damages to be recovered against the surety.

In the provision of the bankruptcy act of 1898 that "the liability of a person . . . as surety for the bankrupt shall not be altered by the discharge of such bankrupt" the word "altered" includes a change in the extent of the liability as well as a change in the nature of it.

HAMMOND, J.    This is an action against a surety upon a poor debtor's recognizance.    From the agreed statement of facts upon which the case was submitted in the Superior Court, it appears that one Worry, against whom the plaintiff had recovered judgment for several hundred dollars and costs, having been arrested upon the execution, entered into the recognizance with the defendant as his surety; that on January 3, 1905, Worry made default; that on January 6 this action was brought; and that on May 20, 1905, Worry was adjudicated a bankrupt.    The defendant filed a suggestion of the adjudication of Worry's bankruptcy as a plea in bar to this action, " and the parties hereto agree that if the said adjudication shall be decided to be a bar to a recovery against the said Goddard, then judgment shall be entered for the sum of one dollar, but if it shall not be so decided, then judgment shall be entered for the full amount due on the recognizance [as] if such adjudication had not been made."

At the trial the defendant asked the judge to rule that the adjudication in bankruptcy of Worry was a bar to the maintenance of this action.    The judge refused so to rule, found for the plaintiff, entered judgment in the penal sum of the bond, and ordered execution to issue in the sum of $474.69; "and the plaintiff duly excepted."

There can be no doubt that the adjudication in bankruptcy is

not, as matter of law, a bar to the maintenance of this action. The liability of the defendant had become fixed by the default of Worry, and the bankruptcy act of 1898, § 16, provides that "the liability of a person as co-debtor with or guarantor or in any manner a surety for the bankrupt shall not be altered by the discharge of such bankrupt." If the liability is not affected by the discharge, *a fortiori* it is not affected by an adjudication. See *Demelman* v. *Hunt*, 168 Mass. 102, in which it was decided that under a similar provision in our insolvency law (Pub. Sts. c. 157, § 85) the surety was not discharged.

The defendant contends that even if the adjudication was not a bar, still the plaintiff would be entitled to recover only nominal damages. It is contended by the plaintiff that under the form of submission this question is not open to the defendant at this stage of the case; but, even if it be assumed that the question is open, we think that there is nothing in it. After the default of Worry the liability of the defendant, as has been stated before, had become fixed. And by R. L. c. 168, § 66, it is provided that in an action upon a recognizance taken on execution, "the execution in such action shall not issue for less than the amount due on the original judgment, with costs and charges arising after the issuing of the original execution." This therefore was the extent of the liability of the defendant before Worry was adjudicated a bankrupt. To hold that this liability was reduced by such adjudication to nominal damages would be to disregard the federal statute above quoted, which provides that the liability of the surety shall not be "altered." A change in the extent of the liability would be no less an alteration than a change in the nature of it.

*Exceptions overruled.*

*H. H. Pratt*, for the defendant.
*C. W. Bartlett & E. R. Anderson*, for the plaintiff.