ALMON H. FOGG COMPANY *vs.* ARTHUR W. BARTLETT et als.

Aroostook.    Opinion November 17, 1909.

*Six Months' Bond.    Sureties Released by Discharge of Principal in Bankruptcy. Revised Statutes, chapter 114, sections 49, 55.*

Where a judgment debtor under arrest on execution, on February 12, 1908, in accordance with the provisions of Revised Statutes, chapter 114, section 49, gave the bond commonly known as a six months' bond, and on February 29, 1908, was duly adjudged a bankrupt under the United States bankruptcy law, and on April 24, 1908, was duly discharged in bankruptcy and the judgment was a debt provable in bankruptcy, *held* that the discharge in bankruptcy released both the principal and the sureties from all further liability on the bond.

On report.    Judgment for defendants.

Action of debt on a six months' bond given by the defendant Bartlett as principal and the other defendants as sureties, in accordance with the provisions of Revised Statutes, chapter 114, section 49.

The bond was dated February 12, 1908. February 29, 1908, the defendant Bartlett was duly adjudged a bankrupt and April 24, 1908, he was duly discharged in bankruptcy. The suit on the bond was commenced August 22, 1908. The only defense claimed by any of the defendants was the bankruptcy and discharge in bankruptcy of the defendant Bartlett. When the matter came on for hearing, an agreed statement of facts was filed and the case was then reported to the Law Court for determination.

The case is stated in the opinion.

*Doherty & Tompkins, and Leonard A. Pierce,* for plaintiff.

*Harry M. Briggs,* for defendants.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

PEABODY, J. This was an action of debt against the sureties on a statutory bond given in accordance with R. S., chapter 114, section 49, for the release of the principal from arrest on execution.

The case is before the Law Court on an agreed statement of facts and the stipulations of the parties.

The defendant, Arthur W. Bartlett, having been arrested on an execution in favor of the plaintiff, was released on giving the bond in suit dated February 12, 1908, signed by himself as principal and the other defendants as sureties. The principal was adjudged a bankrupt by the District Court of the United States for the District of Maine, February 29, 1908, and received a discharge in bankruptcy April 24, 1908.

It is contended by the defendants that this discharge of the principal is a valid defense to the action.

The bond was given to the plaintiff as a statutory equivalent for the security afforded it by the arrest of the debtor. The sureties had intervened and by obtaining the release of the debtor, deprived the creditor of whatever advantage it had gained by his arrest. By the conditions of the bond they had agreed that the debtor should within six months of its date cite the creditor before two justices of the peace and of the Quorum, submit himself to examina-

tion, and take the oath prescribed in Revised Statutes, chapter 114, section 55, pay the debt, interest, costs, and fees, arising in said execution, or deliver himself into the custody of the keeper of the jail to which he was liable to be committed under the execution. Neither of these alternative agreements was fulfilled and the defendants are liable unless this was made unnecessary by the debtor's discharge in bankruptcy before the expiration of the six months. They assumed the risk of future events which might be contemplated unfavorable to the creditor. The debtor might voluntarily place himself in a situation to be exempt from arrest, or he might abscond, so that the sureties could not surrender him according to one of the conditions of the bond. He might become insane and incapable of making a disclosure of his property affairs so as to fulfil that condition of the bond.

Under the general rule of law which prevails in Maine that the sureties on a poor debtor's bond can be discharged only by a literal fulfilment of its conditions neither of these events would relieve them from liability. *Haskell* v. *Green*, 15 Maine, 33 ; *Harrington* v. *Dennie*, 13 Mass. 92. But there may be circumstances which would constitute an equitable defense to a suit on the bond if happening within the period of the six months in which its conditions are to be fulfilled. The death of the principal, his voluntary release by the creditors, or a change of statute making performance of the conditions of the bond unlawful, would discharge the sureties. 3 Ency. Pleading & Practice 186 ; *Champion* v. *Noyes*, 2 Mass. 483.

The last case cited is very similar to the case at bar. To a scire facias on a bail bond a plea in bar was filed, that the principal is a certified bankrupt, that the original judgment was for a provable debt owed to the plaintiff before the bankruptcy, and that the certificate had been allowed. It was held on demurrer that the plea in bar was good. The court say in the elaborate opinion, "Were the principal in the case surrendered, the court could not commit him ; or if committed, he would the next moment be entitled to his discharge. To surrender him under these circumstances would be expensive to the bail, oppressive to the principal, and useless to the plaintiff." The decision is sustained by the weight

of authority.    Collier on Bankruptcy (6th ed.) 214, 215; 3 Ency. Pleading & Practice 185; 3 Am. & Eng. Ency. (2nd ed.) 633; 5 Cyc 32.    The contrary appears to have been held in *Goodwin* v. *Stark*, 15 N. H. 218.

*Marr et al., Petr's*, v. *Clark et al.*, 56 Maine, 542, presents a case where the principal on a bond given to procure his release from arrest on mesne process undertook to fulfil one of its conditions by making "true disclosure of his business affairs and property under oath."    In the proceeding before the justices he stated under oath that he had no real or personal estate and that he had filed his petition in bankruptcy and produced his certificate; but he refused to answer further, claiming that this was a full disclosure.    It was held in the opinion of the court by Danforth, J., "If the bankrupt law will relieve the debtor from fulfilling the conditions of his bond he may avail himself of that relief in any legitimate way, but he has sought his discharge in a method entirely independent of the bankruptcy law."    It was decided that he had not done all that his obligations under the statute required.    This case is cited in support of the plaintiff's position, but it simply decides that the debtor had not complied with this alternative condition of the bond; the reasoning of the court favors the defense.

The decision in *Hackett* v. *Lane et als.*, 61 Maine, 31, goes no further than to hold that where the defendants on a poor debtor's bond rely in defense upon the distinct ground that the principal obligor has fully performed one of the alternative conditions of the bond, it must appear that he followed the statute implicitly in all its requirements.

The agreed statement and stipulations give to the defendants the benefit of the plea of a discharge in bankruptcy of the principal obligor before the forfeiture of the bond.

*Judgment for defendants.*