The Rall Cotton Company vs. Robert C. Terry, alias }No.64969

RESCRIPT
March 18, 1927

BAKER, J. Heard on plaintiff's demurrer to defendant's amended additional plea.

This case was commenced by the issuance of a writ of arrest upon which two individuals became bail for the defendant.

To the declaration the defendant filed the plea in question, which sets up in substance that he was duly adjudicated a bankrupt in the State of Mississippi soon after the commencement of this present proceeding, that he was granted his discharge in bankruptcy, and that the claim of the plaintiff as alleged in its declaration was listed in the bankruptcy schedule as filed by the defendant. He therefore urges that his plea as filed constitutes a good defence to this action.

The plaintiff has demurred to the plea, claiming that it is entitled to proceed to judgment against the defendant, upon which judgment a perpetual stay of execution against the defendant could be granted, in order that the said plaintiff may then proceed against the bail after the entry of judgment.

There would be no serious question presented for consideration if, in the case at bar, a writ of attachment had been issued and a bond with surety given to release said attachment. It has clearly been decided in this state that bankruptcy does not in any way release the obligation of the sureties on an attachment bond regardless of the fact whether or not the attachment was within or beyond the four months' period from said bankruptcy.

Butterick Publishing Co. vs. Brown Co., 33 R. I. 40;

Andrews vs. Jones, 46 R. I. 141;

Andrews vs. Fain, 46 R. I. 165;

Goodwin & Sigel vs. Boston Clothing Co., 47 R. I. 25;

The defendant earnestly contends that in principle the situation of one becoming bail for a defendant on a writ of arrest differs from that of a surety upon an attachment bond. The statute relating to the subject under discussion (Sec. 6, Chap. 850, Gen. Laws, 1923), reads in part as follows: "upon his giving sufficient surety for his appearance at the court to which such writ or process shall be returnable, and to abide the final judgment which shall be rendered thereon." It should be noted that the language here does not call for a bond to "abide and perform." The effect of this language has been carefully considered by the Court in the case of Griswold, Petitioner, 13 R. I. 125, and it has been therein held that there is a distinction between a bond to "abide" and one to "abide and perform" a final judgment.

Further, there would seem to be a serious question whether the language of the bankruptcy act relating to the liability of guarantors or sureties is broad enough to cover, or was ever intended to cover one who became bail for another.

A general examination of the law relating to bail would tend to show that in general the contract of one becoming bail is, in effect, that the debtor shall pay the judgment, or surrender his body to be taken, or that the bail pay the debt. It seems

to be the law that where the principal debtor receives his discharge in bankruptcy before the bail is fixed or before there is any judgment against the bail the latter is entitled to be released without a surrender, because then the principal debtor is no longer liable to be imprisoned for the debt and would, if surrendered by the bail, be entitled to immediate release. It is considered a useless formality to have the bail make a formal surrender of the insolvent debtor in order to effect his own discharge. That the bankruptcy was in another jurisdiction apparently makes no difference to the general rule.

It is clear from the record in this case that as yet the bail has not been fixed. The following references seem to bear out the general principles above stated:

Corpus Juris, Vol. 6, page 921; Black on Bankruptcy, 4th ed., Sec. 1161; Bryant vs. Kinyon, 127 Mich. 152; Keyes vs. Bennett, 218 Ill. 625; Nettleton vs. Billings, 17 N. H. 453; Fogg Co. vs. Bartlett et als. 106 Me. 122; Champion vs. Noyes, 2 Mass. 481.

It seems to the Court, therefore, that in this case, the plaintiff is not entitled to a special judgment against the defendant with a perpetual stay of execution in order to allow him to proceed against the bail, but that under the law the bail has been discharged by the bankruptcy of the principal, before being fixed.

The Court finds that the plea is good and the plaintiff's demurrer thereto is overruled.

For Plaintiff: Joseph C. Cawley.

For Defendant: Walter J. Hennessey, Frank A. Hammill.