THE RALL COTTON CO. *vs*. ROBERT C. TERRY, alias.

JULY 2, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is an action of the case in assumpsit commenced by a writ of arrest upon the accompanying affidavit of the plaintiff's agent: that the plaintiff is an actual resident of this State, and that the defendant

is not a resident of the State and is about to leave the State without leaving therein real or personal estate whereon an execution that may be obtained in such suit can be served. The defendant after his arrest upon the writ was let to bail upon giving surety in accordance with the provisions of the statute and the person becoming bail indorsed his Christian name and surname on the back of the writ. The defendant pleaded to the declaration that after the accruing of the plaintiff's cause of action and after the commencement of this suit the defendant was adjudged a bankrupt in the United States District Court for the northern district of Mississippi and was by said district court granted his discharge in bankruptcy, that the claim of the plaintiff, alleged in its declaration, was listed in the bankruptcy schedule filed by the defendant in said bankruptcy proceedings. To this plea the plaintiff demurred on the ground that, notwithstanding said adjudication and discharge of the defendant in bankruptcy, the plaintiff was entitled to have judgment entered against the defendant with a perpetual stay of execution against him, so that the plaintiff might proceed against the surety who became bail to release the defendant from arrest. The demurrer was overruled by a justice of the Superior Court and final decision was entered for the defendant for costs by a justice of the Superior Court sitting without a jury.

To the ruling of said justice upon demurrer, and to the decision for the defendant, the plaintiff excepted and has brought those exceptions before us.

The plaintiff admits that, by reason of the discharge in bankruptcy of the defendant, it is not entitled to an enforcible judgment against him. It contends, however, that its position is analogous to that of a plaintiff in an action of assumpsit, commenced by attachment of personal chattels, who after the discharge in bankruptcy of the defendant seeks to enforce his claim against the surety in a bond given by the defendant to release the attachment made in the action. *Butterick Pub. Co.* v. *Bowen Co.*, 33 R. I. 40, was a

suit commenced by attachment of defendant's personal property in which suit the attachment was dissolved upon the giving of a bond by the defendant with surety. The commencement of the suit and the giving of the bond were more than four months prior to the proceedings in bankruptcy in which the defendant secured a discharge. It was held that the court could render a special judgment in that case against the defendant with a perpetual stay of execution against him for the purpose of enabling the plaintiff to bring suit against the surety on the bond to release the attachment. *Goodwin & Sigel* v. *Boston Clothing Co.*, 47 R. I. 25, differs from *Butterick Pub. Co.* v. *Bowen Co.*, *supra*, only in the fact that the suit was commenced and the bond to release attachment was given by the plaintiff with sureties within four months of the commencement of bankruptcy proceedings against the defendant, in which proceedings the defendant was adjudged a bankrupt. In that case, also, it was held that the plaintiff should have judgment against the defendant with a perpetual stay of execution.

In urging the similarity of its situation with that of the plaintiff in the two cases just considered the plaintiff here overlooks the distinction between the liability of the surety in the attachment bond given in each of those cases and the liability of the bail in the case at bar. The condition of the attachment bond is that the same should be null and void if the final judgment should be forthwith paid after the rendition thereof. The surety on the bail bond is for the defendant's "appearance at the court to which such writ or process shall be returnable and to abide the final judgment which shall be rendered thereon." Secs. 6, 7, 8, Chap. 350, Gen. Laws, 1923. In *Griswold, Petr.*, 13 R. I. 125, the court distinguished between the obligation of a surety in a bond "to abide and perform the orders and decrees of the court" and that of a surety on a bond "to abide the event of the suit." The statutory obligation of the bail bond "to abide the final judgment" should not be construed as equivalent to the obligation of a bond to release an attachment which

is that the final judgment shall be paid. The bail bond requires the defendant to appear at the court to which the writ is returnable and to await or to "abide" the final judgment in the cause that the same may be enforced against him. This view is supported by the consideration that while the surety upon an attachment bond can not discharge or relieve himself from liability if the judgment be against the defendant save by payment of the judgment, the statute provides a number of different methods by which a person who has become bail in a civil suit may discharge himself as bail during the pendency of the original action or before final judgment against him in *scire facias*, all of which methods look to the delivery of the body of the defendant whereby he may readily be taken upon execution.

In this view of the obligation of the surety on a bail bond the entry of a special judgment against the defendant with perpetual stay of execution would not avail the plaintiff, for, if the special judgment which it seeks was entered, the surety at any time before final judgment against him in *scire facias* might discharge himself as bail by surrendering the defendant, and if the defendant was so surrendered he would at once be entitled to be released by reason of his discharge in bankruptcy.

The decision of the Superior Court in overruling the plaintiff's demurrer to the defendant's plea and the final decision in the case were without error.

The plaintiff's exceptions are overruled. The case is remitted to the Superior Court for entry of judgment on the decision.

*Joseph C. Cawley*, for plaintiff.

*Walter J. Hennessey, Frank H. Hammill*, for defendant.