JAMES GEDDES, SHERIFF OF NEW HAVEN COUNTY, *vs.* EDWIN D. SIBLEY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 12th—decided December 20th, 1932.

*George W. Crawford,* for the appellant (plaintiff).

*Charles S. Hamilton,* for the appellees (defendants).

HINMAN, J. The complaint alleged that on March 9th, 1931, the plaintiff was the sheriff and jailer of New Haven County; on that date the defendant Sibley was duly committed to the jail in New Haven by virtue of an execution against his body, issued by the clerk of the Court of Common Pleas in a civil action in which Sibley was the defendant; on March 11th, 1931, Sibley as principal and the defendant Miss Dobbs as surety gave to the plaintiff a jail liberties bond in the penal sum of $1000 conditioned that he would remain a prisoner within the liberties of the jail until lawfully discharged. It further alleged that upon the giving of this bond Sibley was set at large as a prisoner within the jail limits, which had been designated by the county commissioners as co-terminous with the city

and town of New Haven, and that on March 12th and on divers days thereafter Sibley went at large beyond the boundaries in violation of the terms and conditions of the bond.

The defendants pleaded the general issue, also three special defenses. The first of these alleged that on March 26th, 1931, Sibley filed a voluntary petition in the United States District Court to be adjudged a bankrupt and on July 31st, 1931, was granted a discharge in bankruptcy. Another set up that the execution at the time it was levied was stayed by virtue of the pendency of a writ of error to the Supreme Court of Errors from the judgment upon which the execution was issued. The third alleged that the execution was void on the ground that there were no allegations in the complaint and prayers for relief which supported a judgment upon which execution against the body could be issued, and that the judgment contained no finding of facts warranting the issuance of such an execution. On the trial, the facts alleged in the complaint were established by uncontradicted evidence, including that Sibley on March 12th and two or three times thereafter had gone into East Haven, outside the established jail limits. It also was undisputed that he was adjudicated a bankrupt and discharged as he alleged. At the close of the evidence the court ruled that no issue of fact remained for the jury, and directed a verdict for both defendants on the ground that the pendency of the writ of error stayed execution, the levy upon Sibley and his imprisonment were unlawful, and that, therefore, the bond was without consideration, and no recovery could be had upon it against either defendant. The appeal assigns error in directing a verdict and in denying the motion to set it aside.

A writ of error lies only from a final judgment and for errors of law apparent on the record. General

Statutes, § 5705; *State* v. *Caplan,* 85 Conn. 618, 622, 84 Atl. 280; *Brown* v. *Cray,* 88 Conn. 141, 146, 89 Atl. 1123; *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 601, 37 Atl. 1080, 38 id. 708. A writ of error effects a supersedeas and stay of execution during its pendency (1 Swift's Digest, s. p. 794) unless the defendant in error obtains an order, as provided for by § 5711 of the General Statutes, that "the levy of the execution on the judgment upon which such writ was brought shall not be further suspended by reason of the pendency of the writ." This order may be made, on application, by a judge of the Supreme Court of Errors, if "it shall appear to such judge that there is no reasonable or probable cause for the allowance of such writ."

The appellant claims, however, that this writ of error was not addressed to the judgment or the record pertaining to it, but to the adequacy of the judgment record to warrant the execution issued against the body of the judgment debtor, and therefore outside of the scope of a writ of error. *Brewster* v. *Cowen,* 55 Conn. 152, 155, 10 Atl. 509; *Quinlan* v. *City National Bank,* 105 Conn. 424, 429, 135 Atl. 435. But even if the writ was proper and stayed execution, consequent illegality of the levy and imprisonment would not be decisive against the defendants' liability upon the bond given under the circumstances here disclosed. The execution being regular in form the sheriff would not be called upon to determine whether the judgment was one upon which the debtor could lawfully be imprisoned, and would be justified in detaining him until discharged by some legal proceeding. *Sedgwick* v. *Knibloe,* 16 Conn. 218, 222. Sibley had available appropriate legal methods and procedure of attacking and testing the legality of his imprisonment, and his remedy in damages for unlawful detention. *Bulkley* v. *Finch,* 37 Conn. 71, 86. The defendants must be presumed to

have known the law. They elected to voluntarily execute and give the bond now in suit. The prisoner obtained by this instrument the liberties of the jail limits—in effect an extension or enlargement of the walls of the prison—and accompanying advantages; he and his surety guaranteed that he would remain a faithful prisoner until lawfully discharged and undertook that, upon breach of the conditions, as by departure beyond the limits, the obligation they had entered into should attach; they thereby waived, so far as concerned liability on the bond, whatever illegality may have existed in the levy of the execution. *Sauskelonis* v. *New Britain,* 89 Conn. 298, 303, 94 Atl. 368; *Seymour* v. *Harvey,* 8 Conn. 63, 69; *Whitefield* v. *Longfellow,* 13 Me. 146.

The trial court was in error in holding that if the legal effect of pendency of the writ of error was to stay the execution, the defendants in consequence were not liable on the bond. This was the ground upon which the verdict was directed, but we discuss one further question presented and argued on this appeal which may be involved if a retrial is had. The defendant Miss Dobbs pleaded and claimed that she as surety, as well as Sibley, was discharged from all liability on the cause of action set up in the complaint, by the adjudication of Sibley a bankrupt after the execution of the bond and the breach thereof, and his subsequent discharge. The Bankruptcy Act provides (Title 11, Chap. 3, § 34) that "the liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." 11 U. S. C. A. 143. The cases in which, notwithstanding this provision or those of similar import in prior Acts, sureties upon undertakings somewhat resembling the bond in suit have

been held to be relieved of liability by the discharge of the principal are clearly distinguishable and the reasoning and results are inapplicable to the present situation. Most of them were actions upon bonds or recognizances conditioned that a debtor, arrested on civil process or execution, present himself within a specified time for examination under poor debtor statutes or for some similar purpose, and under which the surety might exonerate himself by surrendering his principal. This provision of the Bankruptcy Act was held not to apply because the plaintiff judgment creditor, by reason of the discharge, had no longer any remedy against the principal, were the latter surrendered the court could not commit him, or if committed he would be entitled to immediate release, and therefore the surety was precluded from seizing the body of the debtor, surrendering him, and thereby exonerating himself from liability. He "has been by the discharge in bankruptcy deprived of the right to discharge his obligation by the surrender of his principal, thus differentiating such a surety in respect to his obligation from suretyship of the ordinary nature." *DiRuscio* v. *Popoli*, 269 Mass. 482, 489, 169 N. E. 548, 551; *Everett* v. *Henderson*, 150 Mass. 411, 23 N. E. 318; *Fogg Co.* v. *Bartlett*, 106 Me. 122, 75 Atl. 380; *Keyes* v. *Bennett*, 218 Ill. 625, 75 N. E. 1075; *Rall Cotton Co.* v. *Terry*, 49 R. I. 375, 142 Atl. 619. In these cases, also, the discharge in bankruptcy had been granted before the breach; the rule is not applicable where the discharge was subsequently obtained. *Carpenter* v. *Goddard*, 191 Mass. 54, 76 N. E. 953; *Horn* v. *Nason*, 23 Me. 101; *Craggin* v. *Bailey*, 23 Me. 104; *Claflin* v. *Cogan*, 48 N. H. 411; *Hopkinson* v. *Leeds*, 78 Pa. St. 396, 399.

Here the adjudication as well as the release was subsequent to the breach. Also, unlike such bonds, that

provided for by our statute, § 2025, and given in the present case, is conditioned that the prisoner keep within the jail limits. The object of imprisonment on execution in such civil actions as admit of it is to induce or coerce the judgment debtor to pay and satisfy the judgment debt. The substance and intent of the bond is that while the effect of giving it is to enlarge the liberties of the prisoner, he is to be retained within the prescribed jail limits until the judgment is satisfied or he is otherwise discharged by due course of law. *Kirby* v. *Garrison*, 21 N. J. L. 179, 182; *Bolton* v. *Cummings*, 25 Conn. 410, 424. A person is in prison in legal contemplation when within the liberties of the prison. An escape from the liberties is an escape from the prison. *Seymour* v. *Harvey*, 8 Conn. 63, 70. The indemnity of the bond is, in effect, to cover the liability of the sheriff to the judgment creditor by reason of escape. If the sheriff permits the debtor to go at large, he will be liable to the judgment creditor though he retakes and commits him within the life of the execution. 1 Swift's Digest, p. 828. A going at large beyond the limits, even for a short time and followed by a return to custody, is an escape for which the sheriff is liable and a breach of the conditions of the bond. *Hopkinson* v. *Leeds*, 78 Pa. St. 396.

The discharge in bankruptcy of Sibley, the principal, did not operate, of itself, to release the surety from all liability. The effect of the discharge upon the question of damages could, at most, be only in mitigation. *Bolton* v. *Cummings, supra*, p. 422. The measure and amount of damages, if otherwise recoverable, are not presented by this record. It is conceded that the discharge released Sibley from further liability on the bond, and the utility of his continued presence as a party defendant is accordingly limited to purposes

serving prosecution of the plaintiff's remedies against the surety.

There is error and a new trial is ordered.

In this opinion the other judges concurred.