## Case No. 11,789.

### RICHARDSON v. M'INTYRE.

[4 Wash. C. C. 412.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1823.

INSOLVENCY—DISCHARGE—SPECIAL BAIL IN PENDING ACTION.

1. Where the defendant is discharged under the insolvent law of the state where the debt was contracted, and has given special bail, the court will order an exoneretur to be entered on the bail piece.

2. If the special bail surrender the principal, who has been discharged under an insolvent law, the court will discharge the principal from custody.

Rule to show cause why an exoneretur should not be entered on the bail piece, the defendant having given special bail, and having been duly discharged on the 13th of the present month under the insolvent law of this

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the ·supervision of Richard Peters, Jr., Esq.]

state. The writ in this suit issued in June, returnable to this term. The debt for which this action is brought, arose in consequence of consignments of goods made by the plaintiff, a merchant in Boston, to the defendant, a merchant of this city, to be sold on commission; and for a balance due to the plaintiff on the sales of the goods so consigned, the defendant gave to the plaintiff, in this city, his promissory note.

Mr. Peters, for plaintiff.
Mr. Ingraham, for defendant.

WASHINGTON, Circuit Justice. The court is of opinion that the debt for which this action is brought was contracted in this state. The responsibility of the defendant for the amount of the sales of the goods consigned to him by the plaintiff, and his implied, as well as his express understanding to pay it, were made in this state. The note which I have of the case of Webster v. Massy [Case No. 17,336], the first which occurred in this court of a motion to enter an exoneretur in a case precisely like the present, which was denied, is very imperfect. The same question, however, came afterwards before the court in the case of Read v. Chapman [Id. 11,605], when the case of Webster v. Massy [supra], was overruled, and the defendant was permitted to appear on common bail, upon the ground of a discharge under the insolvent law of this state, where the debt was contracted. The rule laid down in that case has ever since governed the decisions of this court in similar cases, and must govern them in the present. There is no substantial difference in respect to the question before the court, whether the defendant applies to ·appear on common bail, or to have an ·exoneretur entered on the bail piece, where special bail has been entered. The ground upon which the application is made and granted in both cases is,. that the person of the defendant, being legally discharged, the court will not require him to give special bail, or if he has done so, will discharge the bail, since they may relieve themselves by surrendering the defendant into custody. The case of Bobyshall v. Oppenheimer [Case No. 1,589], which the plaintiff's counsel supposed was an authority in opposition to this rule, is altogether unlike the present. It was decided in that case, that after the forfeiture and assignment of the bail bond, a subsequent discharge of the defendant as an insolvent, cannot affect the plaintiff's right against the bail, and that in such a case, the court would not direct an exoneretur to be entered. By refusing to do so, the defendant could not be deprived of the privilege of the discharge of his person, since he could not be surrendered by the appearance bail. In looking over the note I have of the opinion given in that case, I observe that it is intimated, that where the special bail surrenders his principal, who has been duly discharged as ·an insolvent, the

court will not discharge the principal from custody. This was probably introduced by mistake, my mind being confined to the appearance bail. The court could not have intended to lay it down generally, that an insolvent, duly discharged as such, and surrendered by his special bail, could not be discharged from custody by the court. I notice that part of the opinion now, to prevent an erroneous opinion on the subject being entertained by the bar. Rule made absolute.