## Thomae, Kall & Co. *against* Brown.

Upon a *scire facias* on a recognizance of bail on an appeal from an award of arbitrators: *Held*, that wherever the principal is discharged under the law for the relief of insolvent debtors, at any time before the period has expired for rendering him in discharge of the recognizance, the bail are entitled to have an *exoneretur* entered on the bail-piece; and no delay in making the application forfeits the right, but only imposes on the party the payment of costs of the *scire facias*.

ERROR to the common pleas of *Franklin* county.

George Frederick Thomae and John Theodore Kall, trading in

[Thomae, Kall & Co. v. Brown.]

the name of Thomae, Kall & Co., against Walter Brown. This was a *scire facias* upon a recognizance of bail upon an appeal from an award of arbitrators, in which the following facts were considered in the nature of a special verdict.

On the 7th day of January 1836, the plaintiffs in this case obtained an award of arbitrators against Christopher Appleton, for the sum of 330 dollars 40 cents, which, on the same day, was filed in the prothonotary's office of said county. On the 25th day of the same month, the said Christopher Appleton appealed from said award of arbitrators, and entered, with Walter Brown, the defendant in this suit, into the following recognizance:

" Christopher Appleton, defendant above named, and Walter Brown, surety, are held and firmly bound unto George Frederick Thomae and John Theodore Kall, merchants, trading under the firm of Thomae, Kall & Co., in the sum of 650 dollars, lawful money, to be levied of their respective goods and chattels, lands and tenements: upon condition, that if the plaintiff in the event of this suit shall obtain a judgment for a sum equal to or greater, or a judgment as or more favourable than the report of the abitrators, the said defendant, Christopher Appleton, shall pay all costs that may accrue in consequence of this appeal, together with the sum of 330 dollars 40 cents, the sum awarded by the arbitrators, with one dollar per day for each and every day lost by the plaintiffs in attending on this appeal; or in default thereof, shall surrender the defendant, Christopher Appleton, to the jail of Bedford county, in discharge of this recognizance."

On the 22d day of August 1836, the suit in which said award of arbitrators was filed, and recognizance taken, was tried in the said court of common pleas, and a verdict and judgment obtained by the plaintiffs against the said Christopher Appleton, for the sum of 351 dollars 90 cents.

On the 3d day of October 1836, the said Christopher Appleton was discharged as an insolvent debtor in Lancaster county, where he then resided.

To January term 1837, No. 30, a *capias ad satisfaciendum* issued out of the said court in said suit, against the said Christopher Appleton, which was returned by the sheriff *non est inventus*.

To April term 1837, No. 21, a *fieri facias* issued in said suit against said defendant, on which the sheriff made return, that he had levied on goods, and sold the same to A. J. Cline, the plaintiffs' attorney, for 115 dollars.

The costs on this *fieri facias* amounted to 17 dollars 98 cents.

The property levied on in this *fieri facias* is claimed by John Appleton, the son of Christopher Appleton, who issued a writ of replevin against the said A. J. Cline for the same, which still remains undetermined.

On the 21st day August 1838, this *scire facias* issued on the said recognizance to No. 81, August term 1838, to recover from the

defendant, the said Walter Brown, the amount due on the judgment as aforesaid, obtained by the plaintiffs against the said Christopher Appleton.

The question for the court to decide is, whether the plaintiffs in this case have a right to recover the amount of their judgment, so obtained against the said Christopher Appleton, from the defendant, Walter Brown, no motion having been made to the court to exonerate the said Walter Brown as surety at any time, on account of the discharge of the said Christopher Appleton, and if so, whether the amount made by the sheriff on the said *fieri facias* is to be credited on the same, after deducting the costs above mentioned.

If the court should be in favour of the plaintiffs for the whole amount of the said judgment, then judgment to be entered in this case accordingly, amount to be calculated by the prothonotary by adding the interest: or if they should be of opinion that the amount made on the *fieri facias* ought to be first deducted, then judgment to be entered by the prothonotary in the same way. But should the court be in favour of the defendant, then the court to determine who is to pay the costs, and judgment to be entered accordingly. It is likewise agreed that the court may give their opinion, whether an *exoneretur* could now be entered on application of the defendant, and if so, decide who is to pay the costs.

It is agreed that the foregoing statement of facts be considered in the nature of a special verdict, and that either party be entitled to a writ of error.

The court below delivered the following opinion, and rendered a judgment for the defendant.

*Thompson*, president.—" This is a *scire facias* on a recognizance of bail on an appeal from the award of arbitrators. On the 22d of August 1836, the original cause against Appleton, the principal, was tried in court, and a judgment obtained for the amount of the award with interest. On the 3d of October 1836, Appleton was discharged under the act relating to insolvent debtors in the county of Lancaster, where he then resided. A *capias ad satisfaciendum* was issued against him, returnable to January term, 1837, which was returned *non est inventus*. To the next April term a *fieri facias* issued, on which there was made 115 dollars by sale of goods. On the 20th of August 1838, this *scire facias* was issued, returnable to August term. It was duly served on the defendant. No motion was made to have an *exoneretur* entered on the bail piece.

" Two questions arise in the case stated, 1. Whether the discharge of the principal before the issuing of the *capias ad satisfaciendum* is a legal discharge of the bail? and 2. If it be not, whether the defendant can now be relieved and an *exoneretur* entered, no application having been made to this effect within the time allowed *ex gratia* for the surrender of the principal?

1. " It was at one time doubted whether a certificate of bankruptcy

[Thomae, Kull & Co. v. Brown.]

of the principal was a legal discharge of the special bail, where the certificate was obtained before the return of the *capias ad satisfaciendum*. The question first came up, at Westminster Hall, in the year 1798, in the case of Donnely *v.* Dunn, 1 *Bos. & Pul.* 448. There the plea was put in, and a special demurrer filed. The court inclined against the validity of the plea for defect of form. The defendant had leave to amend. At the next term the case came up again on the amended plea, and the court decided it to be insufficient in law, and gave judgment for the plaintiff. Lord Eldon, C. J., in delivering his opinion says: ' The plea of bankruptcy is given to the bankrupt to be made use of as the means of discharging himself if he so plead. But there may be many cases in which the bankrupt may not choose to make use of his certificate. If he has been guilty of frauds, he may be fearful of bringing it forward. If he has acquired an accession of fortune, subsequent to the obtaining of his certificate, he may be ashamed to plead it. Shall he then, through the medium of his bail, be obliged to make use of his certificate whether he will or not? It is the duty of the bail, under their recognizance, to render the bankrupt; and it remains with the bankrupt himself to determine whether any use shall be made of the certificate. Suppose the two bail to be creditors sufficient in number and value to sign the certificate, if they could plead it also, they would have it in their power to sign their own discharge. We do not mean to preclude any application for summary relief on part of the bail, but the opinion of the court is, that in this record judgment must be given for the plaintiff.'

" Butler, J., said, ' this action is brought for a legal demand, arising upon a debt of record, and the defendant is called upon to state a legal defence upon record, not merely to say that he has equity in his favour. Now what legal defence has he set up? He must either show a legal impossibility to perform the condition of the recognizance, or state something that will discharge him. Has he done either? certainly not. Then the plaintiff remains unanswered.'

" In conformity with the decision, the practice in England has been ever since, not to plead the certificate of bankruptcy, but to apply to the court in a summary manner for relief, by entering an *exoneretur* on the bail piece. The same practice obtains there in cases where the principal has been discharged under an insolvent act. Bruce *v.* ———, *Chitty's Rep.* 105; 18 *Eng. Com. Law Rep.* 266. This practice has been adopted in the state of New York; Olcott *v.* Lilly, 4 *Johns.* 407, and the authority there cited; and in this state also, as appears by the case of Boggs *et al. v.* Teakle, 5 *Bin.* 383. After diligent search, I have not found any adjudged case holding that the bankruptcy or insolvency of the principal before the return of the *capias ad satisfaciendum*, is a good plea in bar to the *scire facias*. The only authority favourable to the position, is the form of a plea to that effect in vol. 2 of Harris's Entries, published by Mr Evans, of the Baltimore bar, page 116. This is strong evi-

[Thomae, Kall & Co. v. Brown.]

dence that, in the state of Maryland, the plea is allowed. There is however no decision in this state which has altered or shaken the English practice on the point before us.

"The mode of proceeding when the principal has been discharged under the insolvent debtors' act, at any time when a surrender would relieve the bail, has uniformly been to apply to the court, on production of a certified copy of the discharge, to enter an *exoneretur* on the bail piece. This course is not presumed when the grounds on which the bail are discharged, furnish matter for a legal plea in bar to the *scire facias*. Thus, if the debt is paid by the principal or the bail, or released to either of them, or where bail absolute has been entered, which is in law a release, or where the principal dies before the return of the *capias ad satisfaciendum*, no *exoneretur* is in practice entered. The discharge is complete without it.

"The only exception to this general rule, is the case of the surrender of the principal before the return of the *capias ad satisfaciendum*. The surrender is not complete in law, until the *exoneretur* is entered on the bail piece. 1 *Arch. Prac.* 316. When the performance of the condition of the recognizance has become impossible by the act of God, the act of the plaintiff or the act of the law, the bail are discharged, and may plead the fact in bar to the *scire facias*. If the act of the law in discharging the principal as an insolvent debtor rendered it impossible to surrender him, then, without any *exoneretur* entered, the discharge if in time would furnish matter for a good plea in bar. But this does not seem to be the case. We have seen that in the case of a bankrupt, who has obtained his certificate, his bail not only are allowed, but it is said to be their duty, to arrest and surrender him in this discharge. Donnely *v.* Dunn, already cited; Southcot *v.* Braithwait, 1 *T. R.* 624. Many other cases might be cited to the same point. Though the words of the act of parliament of 5 G. 2, c. 50, sect. 5, are positive, that, during forty-two days after the surrender of the bankrupt, while he is attending before the commissioners, for the purpose of being examined, he should be free from all arrests, restraints or imprisonments of any of his creditors, yet his bail may take him on the bail piece for the purpose of rendering him their discharge. 1 *Arch. Prac.* 315. So it has been held, that neither the plaintiff nor the sheriff is liable, in an action of trespass, for arresting a person who has been discharged as an insolvent debtor. *Ingraham on Insol.* 158, *n.*; Cameron *v.* Lightfoot, 2 *W. Black.* 1190; Luddington *v.* Reck, 2 *Conn. Rep.* 700; Tarlton *v.* Fisher, 2 *Doug.* 671. A *fortiori* his bail cannot be liable in trespass for arresting him for the purpose of rendering him in their discharge, since they are privileged to make such arrest, contrary to the general rule, on Sunday, and even to break open his house to accomplish it. If the bail are not trespassers in making the arrest, in order to accomplish the surrender, then the surrender is not legally impossible, and of

[Thomae, Kall & Co. v. Brown.]

consequence the discharge under the insolvent laws, though it take place prior to the return of the *capias ad satisfaciendum*, is not the ground of a legal plea in bar of the *scire facias* on the recognizance. It is not a legal performance of the condition of the recognizance nor a legal impediment in the way of its performance. It is an equitable excuse, which does not amount to a legal discharge, until the *exoneretur* is entered by the court.

" It remains to be considered whether the defendant can now be relieved, and an *exoneretur* entered on the bail piece. If it were not for the intimation in the case of Boggs *v.* Teakle, that the bail are relieved only on the motion being made within the time allowed for a surrender, there could be no doubt on this subject. If that had been the point in the cause, I would have held myself bound by the decision, however inconsistent I might find it with the current of authorities in this country and in England. But it was not the point under consideration, and therefore did not receive the serious attention of the eminent judge who delivered the opinion. In that case both the discharge of the principal and the application for the *exoneretur* took place before the return of the *scire facias*, but after the return of the *capias ad satisfaciendum*. By the return of *non est inventus*, the recognizance in legal contemplation had become forfeited, and the bail fixed before the principal was discharged as an insolvent debtor. There is more appearance of reason in such a case to require the bail to apply for the *exoneretur*, within the time allowed for the surrender, than in one like the present, where the discharge of the principal took place prior to the issuing of the *capias ad satisfaciendum*. Without giving any decided opinion upon a point not directly before me, I doubt whether, upon principle or the authority of adjudged cases, the bail is held to such strictness in any case as to the *time* of making this application. The discharge of the principal is, as we shall see presently, held to be tantamount to a surrender, when the application is to the equity of the court. If a party had been rendered by his bail in due time, and no *exoneretur* entered, it cannot be doubted but that the court would at any time order the *exoneretur* to be entered on payment of the costs of the *scire facias*. If the surrender was made prior to the return of the *capias ad satisfaciendum*, it would be a strict compliance with the condition of the recognizance, and the *exoneretur* would not be *ex gratia* but *ex debito justitiæ*.

" We have already seen in the case of Donelly *v.* Dunn, that though the time for surrendering the principal has long passed, the court were not inclined to shut the door against relief by ordering an *exoneretur*. The plea was held insufficient, but the chief justice stated, the court did not mean to preclude any application for summary relief on the part of the bail. In the case of Thackeray *v.* Turner, 8 *Taunt.* 28, 14 *Eng. Com. Law Rep.* 7, the original suit was to Trinity term 1816, and bail put in. The *capias ad satis-*

[Thomae, Kall & Co. v. Brown.]

*faciendum* was tested the 12th of February 1817, issued the 23d and delivered to the sheriff the 25th and returned *nihil.* The first *scire facias* against the bail, was tested the 7th of May, issued the 8th and delivered to the sheriff the 9th. The second was issued and tested the 19th of May, delivered to the sheriff the 20th, returnable the 2d of June. The appearance day was the 6th of June, and judgment was signed against the bail on the 13th. On the 21st of June an execution was levied on the property of the bail for 123 pounds 9 shillings, and the money paid by them. The principal had become a bankrupt. His certificate was allowed on the 21st of April 1817. By an instrument signed by the plaintiff on the 14th of June, after the judgment against the bail, they agreed to accept ten shillings in the pound, if had on or before the 10th of July; they next provided all the creditors would accept the same, and received at the same time the defendant's note at two years for the remaining ten shillings. At Michaelmas term 1817, a motion was made to set aside the writ of *capias ad satisfaciendum,* with the proceedings thereon, the proceedings against the bail, and to have the sum of 123 pounds 9 shillings levied on them, returned, on two grounds; first, because the certificate being completed on the 21st of April, all subsequent proceedings had to fix the bail were nugatory. Secondly, because the plaintiffs had entered into an agreement to take ten shillings in the pound. The court, under the circumstances of delay attending the application on behalf of the bail, relieved them by making the rule absolute on payment of costs. It is not stated on what ground the court proceeded, but from the circumstances, that the judgment was entered against the bail for the money before the composition was signed by the plaintiff, there is strong reason to think that the principal, if not the sole ground of relief, was the certificate granted to the principal before the *capias ad satisfaciendum* was returned. In the case of Manner *v.* Partridge, 14 *East* 599, the point came up in circumstances less favourable for the bail than the present case, yet they were relieved. The *capias ad satisfaciendum* against the principal was left at the sheriff's office the 4th of February 1811, returnable the 12th, and was duly returned *non est inventus.* The first *scire facias* against the bail was put into the hands of the sheriff on the 22d of April, and the second on the 13th of May. On the 3d of April the principal obtained his certificate under a commission of bankruptcy, issued the 5th of the previous December. A judgment and execution had been obtained against the bail, and they had paid the money to the sheriff. The case was disposed of at Michaelmas Term 1811. It had been argued at a previous term, upon a rule for setting aside the execution, the bail, and returning the money levied, on payment of costs on account of the lateness of the application for relief by the bail. Lord Ellenborough, C. J., in delivering the opinion of the court, said, that the question was, whether the principal's certificate at that period after the *capias ad satisfaciendum,* was returnable, but before

[Thomae, Kall & Co. v. Brown.]

the time allowed the bail by the indulgence of the court for rendering the principal had expired, entitled the bail to be relieved, and we are of opinion that it did. In Woolly *v.* Cobb, 1 *Burr.* 244, this distinction is made, that if the certificate were obtained before the bail were fixed, they were entitled to be discharged, but if they were fixed before the certificate obtained, they remained liable. And accordingly in that case where the certificate was not obtained until after judgment and execution against the bail, the court refused to relieve them. Bail are to some purposes said to be fixed by the return of *non est inventus* on the *capias ad satisfaciendum,* but if they have by the indulgence of the court, time to render the principal until the appearance day of the last *scire facias* against them, and which they have the capacity of using, they cannot be considered to be *completely* or *definitely* fixed until that period. As, therefore, the principal obtained his certificate before their time for rendering was out, and therefore before they were fully and finally fixed, as the principal would have been entitled to an immediate and *unconditional discharge had he been rendered,* and as the bail would have been entitled to have an *exoneretur* entered on the bail piece had they applied for it; we are of opinion, that they are entitled to the indulgence they now ask, upon the terms on which they ask it, namely, on payment of costs, and therefore that the rule should be made absolute.

"In Moorly *v.* Gage, 2 *Chitty* 104, 18 *Eng. Com. Law Rep.* 265, it was held that bail may apply to enter an *exoneretur,* if the principal becomes bankrupt at any time before they are actually fixed. And where a *scire facias* did not issue until two days after the bankruptcy of the bail, the court set aside the execution against the bail, but with costs to be paid by the bail. The court said, " the bail may come at any time if they are not actually fixed when the principal became bankrupt, but the bail must pay costs." The same principle was applied in a case were the principal had been discharged under the insolvent debtors' act. *Ibid.* 105, 266. In the case of Olcott *v.* Lilly, 4 *Johns.* 409, already cited, Kent, C. J. says, ' a number of cases in this court have gone so far as to relieve the bail, if the principal had been discharged under the insolvent act, any time before the period allowed to bail, *ex gratia,* had expired, but these decisions went upon the principle, that the discharge was *equivalent to a surrender,* and that it would be an unnecessary *circuity* to have a formal surrender made, since the principal would immediately be entitled to a discharge.' In the previous case of Seaman *et. al. v.* Drake, 1 *Caines* 9, called *New Y. T. Rep.* the very point now under consideration was settled. It was there held, that if the principal be discharged under the insolvent law or bankrupt, and *his bail afterwards be fixed,* they may, notwithstanding have an *exoneretur* entered on the bail piece on payment of costs! The application for the *exoneretur* was made after the time for the surrender had expired. In their opinion the court

[Thomae, Kall & Co. v. Brown.]

say, 'in the case of Van Alsbyne *v.* Brinkerhoof, we permitted an *exoneretur* to be entered on an application from bail under similar circumstances. In that case the principal was also discharged under the insolvent act before the bail were fixed in law. The suit however, proceeded against the bail, and the eight days after the return of the *capias* against them had expired, before they made their application for relief. We decided that, as they were entitled to have the *exoneretur* entered before they were fixed, and had barely omitted to have it done, they had not forfeited their right while the *action* was pending *against them*, and that the only consequence was, that they subjected themselves to costs.'

"From a view of all the authorities, it may be safely affirmed that wherever the principal is discharged under the law for the relief of insolvent debtors, at any time before the period has expired for rendering him in discharge of the recognizance, the bail are entitled to have an *exoneretur* entered on the bail piece, and that any improper delay in making the application, *does not forfeit the right*, but only imposes on the party the penalty of payment of the costs on the *scire facias.* I am therefore of opinion, that upon the facts stated, an *exoneretur* is to be entered on the bail piece on payment of the costs of the *scire facias* by the defendant."

*Cline,* for plaintiff in error, cited 5 *Binn.* 332, 381, 507.
*Blodget,* for defendant in error.

The opinion of the court was delivered by

ROGERS, J.—The full and able review of the authorities, bearing on this case, by Mr. Justice Thompson, supersede the necessity of saying more than expressing our concurrence with the conclusions to which he has arrived. A discharge under the insolvent laws is equivalent to a surrender, and wherever the principal is discharged before the bail is fixed, the court will, at any time, permit an *exoneretur* to be entered on the bail piece. For the reasons assigned by the court below, we are of opinion, that the *exoneretur* was properly entered, and that the bail is entitled to a discharge on payment of costs.

Judgment affirmed.