### JOHN H. HOPWOOD *vs.* CLARENCE B. SMITH.

Suffolk.    January 20, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Poor Debtor,— Breach of Recognizance — Discharge in Insolvency —*
*Execution — Surety.*

On March 20, B. was arrested on mesne process in favor of A., returnable in a municipal court on March 30, and on the same day before a master entered into a recognizance, with C. as surety, that on or before March 30 he would deliver himself up for examination. B. afterwards gave notice that he desired to take the oath that he did not intend to leave the State, and, after partial hearing, he made a default; after which, on March 26, he filed his petition in insolvency, the

first publication being on March 30, and after due proceedings obtained his discharge, which prevented A. from obtaining judgment against him, and the action was discontinued. The present action was brought by A. upon the recognizance against C. alone. *Held*, that the execution was properly ordered to be issued for only nominal damages.

CONTRACT, upon a poor debtor's recognizance, entered into by one Boyd as principal, and by the defendant as surety. Trial in the Superior Court, without a jury, before *Richardson,* J., who assessed damages for the penal sum of the recognizance, and ordered execution to issue for the sum of one dollar. The plaintiff alleged exceptions. The facts appear in the opinion.

*J. L. Powers,* for the plaintiff.

*J. O. Burdett,* for the defendant.

ALLEN, J. The case is as follows. On March 20, 1895, one Boyd was arrested on mesne process in favor of the plaintiff, returnable in the Municipal Court of Boston on March 30, and on the same day, being taken before a master in chancery, entered into a recognizance, with the defendant as surety, that on or before March 30 he would deliver himself up for examination. Boyd afterwards gave notice that he desired to take the oath that he did not intend to leave the State, and a partial hearing was had thereon, when he made a default; after which, on March 26, he filed his petition in insolvency, the first publication being made on March 30, and after due proceedings he obtained his discharge, which prevented the plaintiff from obtaining judgment against him, and the action was discontinued. The present action is brought upon the recognizance against the surety alone; and the only question presented to us is as to the amount for which execution should issue. By Pub. Sts. c. 162, § 64, in a case like this, it is provided that "judgment shall be entered for the amount of the penalty, but execution shall issue for so much thereof only as may be justly and equitably due." Though the proceedings in insolvency did not excuse Boyd from the duty of appearing according to the terms of his recognizance, (*Demelman* v. *Hunt,* 168 Mass. 102,) yet, as there were no charges of fraud, they would have enabled him to take the poor debtor's oath. The plaintiff has not been able to get a judgment against Boyd, and so far as appears he has sustained no actual loss from the technical breach of the recognizance, and, by analogy to the rule

held in numerous other cases, the execution was properly ordered to issue for only nominal damages. See *Slocum* v. *Riley*, 145 Mass. 370; *Wright* v. *Dawson*, 147 Mass. 384; *Leonard* v. *Whitney*, 109 Mass. 265; *Davis* v. *Harding*, 3 Allen, 302; *Whithead* v. *Keyes*, 1 Allen, 350; *Chase* v. *Keyes*, 2 Gray, 214.

*Exceptions overruled.*