HENRY PARKMAN & others, trustees, *vs.* JAMES W.
BARTLETT & another.

Suffolk.   March 13, 1899. — May 20, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Poor Debtor's Recognizance — Judgment — Execution.*

If the defendant in an action is arrested on mesne process, upon the ground that
he intends to leave the State, and gives a recognizance to appear within thirty
days for examination, and makes default, judgment in such action being ren-
dered against him and execution being issued thereon, after judgment in an
action upon the recognizance execution is rightly ordered to issue for the amount
of the judgment in the original suit, although the debtor has remained in the
city where the original suit was brought from the time of his arrest until several
months after the original execution was issued.

CONTRACT, upon a poor debtor's recognizance, entered into
by the first named defendant as principal, and by John G.
Cooper, the other defendant, as surety.   The case was submitted
to the Superior Court, and, after judgment for the plaintiffs, to
this court, on appeal by the defendant surety, upon agreed facts,
the material parts of which appear in the opinion.

*E. R. Anderson,* ( *C. W. Bartlett* with him,) for the defendant
surety.

*J. A. Blanchard,* for the plaintiffs.

HOLMES, J.   This is an action upon a recognizance, given on
December 2, 1897, by an arrested debtor, to appear within
thirty days for examination.   The debtor made default.   Judg-
ment in the original suit was rendered against him on Feb-
ruary 7, 1898, and execution issued on March 7, 1898.   On
April 11, the debtor began proceedings in insolvency in which
he afterwards got a discharge.   The ground of the arrest was
that the debtor intended to leave the State.   But from the
time of his arrest until after his discharge, in November, 1898,
he remained in Boston, where the original suit was brought, and
this fact is relied upon by the defendant surety as a ground
for allowing the plaintiff to recover only nominal damages.
In the Superior Court judgment was entered for the amount
of the recognizance, and execution was ordered for the amount

of the judgment in the original suit. The defendant surety appeals.

It is a little difficult to see how we can deal with the correctness of the execution, or with anything except the judgment on appeal. But we prefer to pass upon the question intended to be presented. The argument for the defendant is that the statute distinguishes between recognizances given on mesne process and on execution, providing, in the former case, that execution shall issue for so much only as may be justly and equitably due; in the latter, that it shall be for not less than the amount due on the original judgment, etc. Pub. Sts. c. 162, § 64. But we doubt if the difference means much, if anything, more than, as was suggested by the plaintiff, to meet the case where there is no judgment, and to avoid the injustice of going by the *ad damnum* in the original writ. In the present case, if the recognizance has been given on execution, the fact relied on would not affect the amount of the second execution. The recognizance would have taken the place of the arrest, and the plaintiff would not have been called upon to look about for his debtor a second time. If the debtor had been imprisoned *non constat* but he might have paid. It is not for us to speculate. The same considerations are equally true in the present case, and we think that they equally should be applied. In *Hopwood* v. *Smith*, 170 Mass. 428, the plaintiff got no judgment in the original suit, so that no possibility appeared that he had suffered more than nominal damages.

*Judgment affirmed, and execution to stand.*