HENRY KEYES, for use of Louise Calbow,

*v.*

F. B. BENNETT, Admr.

*Opinion filed December 20, 1905.*

1. BAIL—*discharge of the principal in bankruptcy releases bail.*
Discharge of the principal in bankruptcy from all liability to pay
the indebtedness which a bail bond in a civil action was given to
secure deprives the bail of his right to seize and surrender the prin-
cipal, and hence releases the bail from liability on the bond even
though he does not procure the entry of a formal *exoneretur* in
court, as he is entitled to do under section 24 of the act relating to
bail in civil cases.

2. SAME—*issue and return of ca. sa. after discharge in bank-
ruptcy is without effect.* The issue and return of a *capias ad satis-
faciendum* after the prisoner has been discharged in bankruptcy
from liability for the indebtedness has no efficacy to fix the liability
of the surety on the bail bond given to secure the indebtedness.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit Court
of McHenry county; the Hon. C. H. DONNELLY, Judge, pre-
siding.

S. A. FRENCH, V. S. LUMLEY, and D. B. SHERWOOD,
for appellant:

The liability of a surety on a bail bond becomes fixed on
the return day of the process against him as bail, and after
that time the principal may not surrender himself nor can the
bail surrender him. Rev. Stat. chap. 16, sec. 11; *Gear* v.
*Clark,* 3 Gilm. 64; *Cleveland* v. *Skinner,* 56 Ill. 500.

Even the death of the principal after the return day of
process against the bail will not relieve the bail. Rev. Stat.
chap. 16, sec. 22; *Olcott* v. *Lilly,* 4 Johns. 405.

The right of the bail to plead the discharge of his princi-
pal in bankruptcy in exoneration does not exist, and never
existed, after bail fixed. *Southcote* v. *Braithwaite,* 1 T. R.
624; *Kane* v. *Ingraham,* 2 Johns. Cas. 403; *Franklin* v.
*Thurber,* 1 Cow. 425; *Campbell* v. *Palmer,* 6 id. 596; *Bank*

v. *Hazard,* 9 Johns. 392; *Bennett* v. *Alexander,* 1 Cranch
C. C. 90; *Campion* v. *Noyes,* 2 Mass. 487.

C. H. WAYNE, and C. P. BARNES, for appellee:

Bail not having become fixed at the time the principal
was granted a discharge in bankruptcy, his bail were thereby
discharged and released from all liability. *Mather* v. *People,*
12 Ill. 9.

The discharge of the principal under the Insolvent act
before the return of the *ca. sa.* may be pleaded in bar to a
*scire facias* against the bail. *Byrne* v. *Carpenter,* 1 Cranch
C. C. 481.

If, at any time before bail has become fixed, the bail, by
law, are no longer entitled to the custody of their principal,
then the liability of the bail is at an end. *People* v. *Hath-
away,* 206 Ill. 42.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action of debt brought by Henry Keyes,
sheriff of McHenry county, for the use of Louise Calbow,
against Henry Henk, Sr., upon a bail bond given in a cer-
tain action brought by Louise Calbow against one C. Dudley
Chewning. Said Henk died, and his administrator, F. B.
Bennett, was substituted as party defendant.

The appellee pleaded that the said Chewning had, prior
to the institution of the action, obtained his discharge as a
bankrupt in the United States District Court; that the judg-
ment which the bail bond was given to secure was provable
against the bankrupt and was proven and allowed, and that
the appellee's intestate had thereby become relieved of all
liability to pay the judgment for which the bond was given.
Two replications were filed to this plea, and demurrers were
sustained to each of them.

The only question arising on the record is as to the cor-
rectness of the ruling of the court as to the sufficiency of one
of these replications. The replication so brought into ques-
tion alleged that Chewning, the debtor, did not surrender

himself in satisfaction of the judgment, and that the appellee's intestate did not surrender him in such satisfaction, and that the appellee's intestate did not procure an *exoneretur* to be entered of record before the return day of the summons issued in the action of debt against the bail.

Section 24 of chapter 16, entitled "Bail in Civil Cases," provides that any person who had become bond as bail in any civil action, if his principal be discharged, under any bankrupt law of the United States, from all liability to pay the judgment which the bail bond was given to secure, should be entitled to have a formal *exoneretur* entered upon the records of the court, and that such order should operate as a discharge of the bail in the same manner as if he had surrendered his principal in court or delivered him up to the sheriff. Section 11 of the same chapter provides that it shall be lawful for any bail, if sued on his bond, to surrender his principal at any time before the return day of the process, and section 15 of the act provides that if a surrender be so made the bail shall be discharged from liability upon payment of the costs, etc.

The position of the appellant is, that section 24 and sections 11 and 15 of the act should be construed together, and that as the surety on the bail bond could not surrender his principal after the return day of the process issued in an action on the bond in discharge of his liability, "he can avail himself of the discharge of his principal in bankruptcy only at such time as he may lawfully surrender his principal in discharge of his obligation; and that when the right to surrender the principal has expired under section 11 of the Bail act, the obligation of the surety becomes fixed, and thereafter the creditor may treat the bail as his creditor and the bond as his obligation, and the principal's discharge in bankruptcy does not entitle him to an *exoneretur.*" This view cannot be maintained. Upon the execution of the bail bond said Chewning became the prisoner of the bail, who had legal authority to keep the principal in his custody and ter-

minate his liability at any time by surrendering his prisoner to the court or to the sheriff. (Rev. Stat. chap. 16, sec. 18; *People* v. *Hathaway,* 206 Ill. 42.) · The judgment entered in the United States District Court discharging Chewning, as a bankrupt, from all liability to pay the indebtedness for which the bail bond was given, deprived the bail of his right of custody of the person of Chewning, and the bail could not seize and surrender Chewning thereafter. The right of custody and the power to seize and surrender his principal is an incident of the relation of bail and principal, and when the right of the bail to seize and surrender his principal has been taken away by the discharge of the principal from all liability to pay the debt which the bail bond was given to secure, the relation of bail and principal is at an end, as is also the liability of the bail. *Mather* v. *People,* 12 Ill. 9; *People* v. *Hathaway, supra;* 5 Cyc. 32; 3 Ency. of Pl. & Pr. 185.

In some of these authorities it is said the bankruptcy of the principal will discharge the bail at any time before liability is fixed. At the common law, and also by the express provisions of our statute, liability is fixed by the issuance of a *capias ad satisfaciendum* and the return thereof. (3 Am. & Eng. Ency. of Law,—2d ed.—617; Rev. Stat. chap. 16, sec. 20.) *Ca. sa.* was not issued for Chewning until after he had been discharged as a bankrupt. The *ca. sa.* could not have been legally enforced by the arrest of Chewning after he had been discharged as a bankrupt, and the issuance and return of the writ had, therefore, no efficacy to fix the liability of the bail.

The facts alleged in the plea relative to the discharge of Chewning as a bankrupt constituted a good defense to the action, and the entry of a formal *exoneretur* was not essential to the maintenance of that defense. *People* v. *Hathaway, supra.*

The judgment appealed from must be and is affirmed.

*Judgment affirmed.*