AMERICAN STABLE COMPANY *vs.* WILLIAM W. CLARKE.

Suffolk.     March 11, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Poor Debtor.   Recognizance.   Judgment.*

R. L. c. 168, § 66, requires that in an action for the breach of a poor debtor's recognizance, if a breach is proved, "judgment shall be entered for the amount of the penalty," and accordingly in such an action the trial judge must refuse a request of the defendant to rule that judgment should be entered for the plaintiff for nominal damages only.

CARROLL, J.  On March 19, 1912, the defendant became surety on two recognizances for Edward B. White, who had been arrested on mesne process on two writs issuing from the Municipal Court of the City of Boston.  The condition of each recognizance was that White, within eleven days from the date of the writs, would apply to take the oath for the relief of poor debtors or the oath that he did not intend to leave the State.  White defaulted on each recognizance.  Each of the writs was duly entered on the return day, March 30, 1912.  In one case judgment was entered on April 18, 1912, for $136.53 damages and $6.32 costs;  in the other case judgment was not entered until April 24, 1914, when it was entered for $300 damages and $19.64 costs of suit.  Those actions were on promissory notes and the amount due thereon was agreed to.

This action for the breach of the two recognizances was brought on May 3, 1912, in the Superior Court.  Judgment was entered for the penal sum of the two recognizances, $600, and execution was to issue for $328.76.  The report * states that "the purpose of the defendant's exceptions is to determine, first, as to whether the plaintiff brought his action prematurely;  second, whether the amendment setting up the recovery of the judgment in the second action was properly allowed;  third, whether the amendment having been properly allowed, execution should issue for nominal damages only."

---

* By *Hamilton,* J.

These questions are not before us, as no ruling was asked and none refused bearing upon these points.

The plaintiff's action, however, was not prematurely brought. The default of the principal on the recognizances occurred when he neglected to submit to an examination within eleven days from the date of the writ, as stipulated in the agreement. R. L. c. 168, § 66, requires that an action for the breach of a recognizance may be brought within one year after the breach occurs, and the action in the case at bar was brought within one year after the recognizances were broken.

The amendment setting up the judgment was properly allowed. R. L. c. 173, §§ 48, 121.

Execution could not issue for nominal damages only. It should issue, in the language of the statute, "for so much thereof only as may be justly and equitably due." R. L. c. 168, § 66.

The defendant asked the judge to rule that judgment should be entered for the plaintiff for nominal damages only, and the refusal of the judge to make this ruling presents the only question of law disclosed on the record. The judge properly refused the request. The statute above referred to declares that, in actions to recover on a bond or recognizance which is broken under poor debtor process, "judgment shall be entered for the amount of the penalty." The amount which is due is to be determined after judgment is recorded and before execution issues, but in all cases the judgment is to be for the penal sum of the bond. R. L. c. 168, § 66.

The defendant relies upon *Hopwood* v. *Smith,* 170 Mass. 428. In that case the defendant defaulted on his recognizance. He then secured a discharge in insolvency which prevented judgment in the original action. Suit was brought against Smith, the surety, on the bond, and judgment was entered thereon for the penal sum, but execution issued for merely nominal damages, there being nothing due from the debtor because of the discharge in insolvency, although there was a technical breach of the recognizance. In that case, as in the case at bar, judgment was entered for the penalty, and in *Parkman* v. *Bartlett,* 173 Mass. 475, where judgment was obtained against the debtor in the original suit, in the action on the recognizance judgment was entered against the surety for the penalty, and execution was ordered for the amount of the judgment in the original action. The presiding judge, there-

fore, could not rule as requested by the defendant, and judgment was properly entered for the penal sum.

The propriety of the entry of a single judgment covering both counts and the penal sum of both bonds, was not raised or discussed in this court, and we do not consider it.

In accordance with the terms of the report, the finding of the court is affirmed.

*So ordered.*

*C. J. Muldoon, Jr.,* for the defendant.
*C. F. Eldredge,* for the plaintiff.