FRANK DiRUSCIO *vs.* ANDREW POPOLI.

Middlesex.    January 17, 1929. — March 6, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Poor Debtor. District Court,* Jurisdiction. *Practice, Civil,* Poor debtor
proceedings.

At the trial of an action of contract for breach of a poor debtor recogni-
zance, it appeared that the recognizance was entered into upon the arrest
of the debtor in poor debtor proceedings in 1926, the condition being
that the debtor within thirty days after his arrest would deliver him-
self up for examination; that within said thirty days the debtor took
out a citation returnable on September 14, 1926, at 9:30 A.M. It did
not appear whether on that date the debtor was present or absent, but
it was stated that on that date, "upon the suggestion of bankruptcy of
said . . . [debtor], said action was continued to January 17, 1927,"
at 9:30 A.M. On January 17 at 10:30 A.M. neither the debtor nor his
attorney was present and, by order of the judge, counsel for the creditor
objecting, the proceedings were kept open until 2:30 P.M. on that day.
The case then was again continued until January 18, at which time the
oath for the relief of poor debtors was administered. *Held,* that
    (1) The plaintiff had not sustained the burden upon him of showing
that the action of the judge on September 14 was after the hour within
which the judge had jurisdiction to continue the case;
    (2) Upon the record, it appeared that the continuance on January
17 was after the hour within which the judge had jurisdiction to act,
and, the debtor not being present, there was a breach of the recogni-
zance.

CONTRACT upon a poor debtor recognizance.    Writ in
the Third District Court of Eastern Middlesex dated
November 7, 1927.

Facts found by the trial judge are stated in the opinion.
He ruled that there had been no breach of the recognizance,

found for the defendant, and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*W. Hirsh*, for the plaintiff, submitted a brief.

*F. M. Zottoli*, for the defendant.

CARROLL, J. The plaintiff recovered judgment against Silvio D'Aloisio in the sum of $1,031.34 damages, and costs of $11.15. D'Aloisio was cited to appear in the Poor Debtor Court on a citation returnable June 4, 1926. He defaulted, and thereafter he entered into a recognizance with Popoli, the defendant here, as surety for the debtor, the condition of the recognizance being that D'Aloisio, within thirty days after his arrest, would deliver himself up for examination. G. L. c. 224, § 20. Within the thirty days D'Aloisio took out a citation returnable September 14, 1926. The matter came on to be heard on that day, and upon the suggestion of bankruptcy on the part of said D'Aloisio, the proceedings were continued to January 17, 1927, at 9:30 A.M. On this date at 10:30 A.M. the creditor appeared, but the debtor failed to appear and was not represented by counsel. At 2:30 P.M. the debtor was represented by counsel, but did not appear personally, and the case was again continued to January 18, 1927, at 9:30 A.M., counsel for the creditor objecting to this continuance. On January 18 the oath for the relief of poor debtors was administered. The trial judge found for the defendant. In the Appellate Division for the Northern District the report was dismissed.

The citation was returnable September 14, 1926, at thirty minutes after nine o'clock in the forenoon. The debtor was bound to present himself for examination within the hour of the time designated. Failing in this, the jurisdiction of the court was ended and there was a breach of the recognizance unless the court, within the hour, adjourned the case. The debtor should appear within the hour; but before the hour has passed, the magistrate has jurisdiction further to continue the proceedings, even if the debtor is absent. G. L. c. 224, § 70. It was decided in *Lincoln* v. *Cook*, 124 Mass. 383, that the authority thus given (to adjourn the case from time to time) under a similar statute was broad enough to

cover any adjournment, provided the continuance is ordered before the rights of the parties have been fixed by the completion of an hour after the time appointed for attendance; but if the hour expires without any action by the magistrate to keep the proceedings open, and the debtor is not present, the jurisdiction of the magistrate to act is at an end. The same limitation applies to the adjournment of a proceeding already begun as applies to the time originally fixed. *Hills* v. *Jones*, 122 Mass. 412.

The report does not show that on September 14, within the hour appointed for his examination, the debtor was either present or absent. This point is not made clear by the copy of the docket entries. But it is stated in the report that on this date, "upon the suggestion of bankruptcy on the part of said D'Aloisio, said action was continued to January 17, 1927," at 9:30 A.M. It is not apparent on the record that the hour had elapsed when the continuance was granted; and as the burden is on the plaintiff to establish a breach of the recognizance, he has failed to show that he can recover because of the continuance granted on September 14.

The report recites that on January 17, 1927, at 10:30 A.M. neither the debtor nor his attorney was present and the proceedings were kept open until 2:30 P.M. on that day, by order of the judge, counsel for the creditor objecting. The case was again continued until January 18, at which time the oath for the relief of poor debtors was administered.

On January 17 the debtor was not present, but at any time before the expiration of the hour, the judge could order adjournment. It does not clearly appear that this was done. All that is shown is that at 10:30 A.M. the debtor was absent, and the proceedings were kept "open until 2:30 P.M." If the record means that the adjournment was not ordered until the hour had elapsed, the debtor being absent (and we so construe it), the judge had no jurisdiction to continue the case; the recognizance was broken, and the plaintiff can recover. The record does not show that the judge took any action within the hour. It was not until 10:30 A.M., one hour after the time fixed, that he took action and ordered the continuance. He had no authority to do this: the hour had

passed; and after a breach of the recognizance the magistrate had no power to act in the proceedings. *Morgan* v. *Curley*, 142 Mass. 107, 109. See *Bliss* v. *Kershaw*, 180 Mass. 99, 102; *Howard* v. *Roach*, 226 Mass. 80, 83.

It follows that the order dismissing the report is reversed and judgment is to be entered for the plaintiff in the penal sum of the recognizance.

*So ordered.*