FRANK DIRUSCIO *vs.* ANDREW POPOLI.

Middlesex.   November 15, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Poor Debtor,* Recognizance. *Surety. Damages,* For breach of poor debtor recognizance. *Supreme Judicial Court. Pleading, Civil,* Answer. *Practice, Civil,* Amendment. *Bankruptcy,* Discharge.

In the record previously before this court upon an appeal by the defend- ant in an action in a district court against the surety upon a poor debtor recognizance, it appeared that in the poor debtor proceedings there had been a suggestion of bankruptcy on the part of the debtor and continuance for that reason to a future day, in the morning of which day, this court decided on such record, there had been a breach of the recognizance by reason of the fact that the debtor did not

appear; and that in the afternoon of that day the debtor had filed a copy of a discharge in bankruptcy which had been granted the previous month. Nowhere in the pleadings in the action upon the recognizance was there reference to the bankruptcy or to the discharge in bankruptcy of the principal debtor, and neither the bankruptcy nor the discharge was relied upon in argument when the action then was before this court, and no mention thereof was made in the opinion of this court. The decision of this court then was·that judgment should issue against the surety in the penal sum of the bond. *Held,* that the decision then made was no adjudication upon the effect of the bankruptcy and the discharge upon the amount "justly and equitably due," for which execution should issue against the surety under G. L. c. 224, § 52.

When the action above described came on for further hearing in the District Court on the assessment of the amount "justly and equitably due," for which an execution should issue, the defendant filed what was entitled a "plea in bar," in which he in substance alleged the granting, before the breach of the recognizance, of a·discharge in bankruptcy discharging the principal debtor from the debt due the plaintiff and asked for a ruling that thereby the defendant surety was discharged from liability for breach of the recognizance. The request was denied, and damages were assessed and execution was ordered in a substantial sum. *Held,* that

(1) The record should be interpreted to mean that the so called "plea in bar" was allowed by the trial court to be filed as in substance an amendment to the defendant's answer;

(2) As such, it set up a defence respecting the amount for which execution should issue pursuant to the judgment;

(3) The relation of the defendant surety to the bankrupt debtor, his principal, was such that he should be permitted to take advantage of the debtor's discharge in bankruptcy, which occurred before the· breach of the recognizance;

(4) In the circumstances, although judgment was entered in the penal sum of the bond, nominal damages only should be assessed under G. L. c. 224, § 52, and execution issued therefor.

It *was stated* that the applicable rule of law would be different if the discharge in bankruptcy had been granted to the principal debtor after the breach of the recognizance.

CONTRACT upon a poor debtor recognizance. Writ in the Third District Court of Eastern Middlesex dated November 7, 1927.

The action previously was before this court, in the circumstances described in the opinion, upon an appeal from an order by the Appellate Division for the Northern District dismissing a report by the trial judge of a finding for the defendant and a decision was made and a rescript sent as reported in 266 Mass. 434, reversing such order and

ordering judgment for the plaintiff in the penal sum of the recognizance.

Further proceedings in the District Court are described in the opinion. From an order by the Appellate Division dismissing a report by the trial judge, who found for the plaintiff in the sum of $1,400 and ordered execution in the sum of $1,258.54, the defendant appealed.

*H. Kisloff*, for the defendant.

*M. Spector*, for the plaintiff.

RUGG, C.J. This is an action of contract wherein the plaintiff seeks to recover judgment for the penal sum on a poor debtor's recognizance and to have determined the amount for which execution ought to issue. The case was here at an earlier stage in 266 Mass. 434. The material facts and history of proceedings up to that time there are narrated in substance as follows: The plaintiff recovered judgment against Silvio D'Aloisio in a substantial sum for damages, and costs. D'Aloisio was cited to appear in the poor debtor court on a citation returnable June 4, 1926. He defaulted, and thereafter he entered into a recognizance with Popoli, the defendant here, as surety for the debtor, the condition of the recognizance being that D'Aloisio, within thirty days after his arrest, would deliver himself up for examination. Within the thirty days D'Aloisio took out a citation returnable September 14, 1926. The matter came on to be heard on that day, and upon the suggestion of bankruptcy on the part of said D'Aloisio, the proceedings were continued to January 17, 1927, at 9:30 A.M. On this date at 10:30 A.M. the creditor appeared, but the debtor failed to appear and was not represented by counsel. At 2:30 P.M. the debtor was represented by counsel, but did not appear personally, and the case was again continued to January 18, 1927, at 9:30 A.M., counsel for the creditor objecting to this continuance. On January 18 the oath for the relief of poor debtors was administered. The only question at that time in issue was whether there had been a breach of the recognizance. It was held as matter of law that there had been a breach. The decision of the District Court was reversed and it was

ordered that judgment be entered for the plaintiff in the penal sum of the bond. That result was reached notwithstanding the fact that there had been suggestion of bankruptcy on the part of the debtor and continuance for that reason to a future date and on that date, being the day of the breach of the recognizance, certificate of the debtor's discharge in bankruptcy was filed. No question was raised on that record as to the discharge in bankruptcy. The single issue there raised was whether there had been a breach of the recognizance by failure to appear in court in accordance with the terms of the recognizance. No argument was addressed to the court at that time founded on the bankruptcy. That appears from an examination of the original papers as well as from the opinion itself, containing no reference to the subject. The defendant not appearing according to the tenor of his recognizance, and not proving his discharge in bankruptcy, rightly was defaulted on his recognizance. He did not avail himself of the privileges accorded him by the law properly to plead and press his discharge in bankruptcy as a bar to the poor debtor proceedings. *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331. The writ in the present case was sued out on November 7, 1927, and was returnable to court on November 19, 1927. The declaration of the plaintiff filed on the return day alleged the execution of the recognizance, the breach thereof, and the consequent liability of the defendant in the penal sum. The answer of the defendant set up a general denial and payment. It made no reference to the bankruptcy or the discharge in bankruptcy of the principal debtor. This was the state of the pleadings when the case was here before. The bankruptcy and the discharge in bankruptcy were neither pleaded nor argued when the case was here as reported in 266 Mass. 434. No mention thereof is made in that opinion. Manifestly that decision is no adjudication as to bankruptcy. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343, 344, and cases there cited. After the rescript pursuant to the earlier opinion ordering that judgment be entered for the amount of the penal sum of the recog-

nizance, the case came on for further hearing in the District Court on the assessment of damages. Thereupon the defendant as surety on the recognizance filed what was entitled "a plea in bar." He set forth therein that the principal debtor in the recognizance was granted his discharge in bankruptcy on December 14, 1926, whereby he was discharged from all debts and claims provable in bankruptcy existing on August 13, 1926, and that thus the principal debtor had been discharged from the debt due the plaintiff before the breach of the recognizance. The defendant requested a ruling that the discharge of the principal debtor in bankruptcy discharged the defendant as surety from liability as to all breaches of the recognizance occurring after the discharge. This request was denied "as being either inapplicable or incorrect or both." No findings of fact were made. Damages were assessed and the amount for which execution should issue was determined to be a substantial sum. Since this is an action at law and not a suit in equity, the so called "plea in bar" filed by the defendant contained matter proper for an answer. It will be dealt with according to its true nature. G. L. c. 231, §§ 25, 26, 27, 28. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 30, 31, 32, and cases cited. The record is interpreted to mean that this pleading, in substance an amendment to the answer, was allowed to be filed by the court. *Lourie* v. *Castle*, 225 Mass. 37, 39. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122. The trial judge treated it as raising matter to be decided by him. It has been argued at the bar on that footing. This decision rests on that basis.

It appears that the plaintiff's claim was founded on a judgment recovered against the principal debtor on May 21, 1926. The nature of the cause of action on which that judgment was entered is not disclosed. It has not been suggested that this judgment was not barred by the discharge in bankruptcy. Therefore questions which possibly might arise in that connection are laid to one side. See Act of July 1, 1898, c. 541; 30 U. S. Sts. at Large, 544, as finally amended as to § 17 by Act of January 7, 1922, c. 22; 42 U. S. Sts. at Large, Part I, 354; *Frost* v. *Thompson*, 219 Mass. 360, 367.

The question now presented for determination is whether the defendant as surety upon the poor debtor recognizance can interpose at this stage of these proceedings the defence of a discharge in bankruptcy granted to the principal debtor before the default on the recognizance. Of course that defence, if relied upon, ought to have been pleaded when the case came on for its first hearing on December 8, 1927. In general a case ought to be tried at one time on all its issues and not heard in pieces, although special circumstances occasionally may justify a different course. There are strong objections to attempts at splitting defences as well as splitting causes of action. *Canning* v. *Shippee,* 246 Mass. 338. But the defence is open because, although the filing of the amendment to the answer under the name "plea in bar" might have been denied by the court, *Hirsh* v. *Beard,* 200 Mass. 569, we interpret the record to mean that it was allowed. It set up a defence respecting the amount of the execution pursuant to the judgment. By G. L. c. 224, § 52, such "execution shall issue for so much" of the penalty of the bond "only as may be justly and equitably due." Stated in somewhat different form the question for decision is whether, after the entry of judgment for the penal sum of the recognizance, the surety may show the discharge in bankruptcy of the principal debtor before the default on the recognizance to affect the amount for which execution ought to issue. The defendant, by becoming surety on the recognizance, thereby bound himself, upon default in the condition of the bond by the principal debtor, to pay the amount of the judgment in the action on which the arrest was made. *Champion* v. *Noyes,* 2 Mass. 481, 484. *National Surety Co.* v. *Reed,* 262 Mass. 372, 375. G. L. c. 224, § 52. He might, however, exonerate himself from further liability at any time before breach of the recognizance by surrendering his principal. G. L. c. 224, § 51. *City National Bank of Manchester* v. *Williams,* 122 Mass. 534. *Ryder* v. *Ouellette,* 194 Mass. 24. An incident of this right of exoneration by the surety on a recognizance is a right to the custody of the principal for the purpose of surrendering him before breach of the recognizance. This right, however, was not effectually

available to the defendant during the period between the discharge in bankruptcy of the principal debtor on December 14, 1926, and the breach of the recognizance on January 17, 1927. If the principal debtor, for failure to give a recognizance, had been in jail on the date of his discharge in bankruptcy, he would have been entitled to be released on application to the court. G. L. c. 224, § 68. Touching facts closely resembling those in the case at bar, it was said by Chief Justice Parsons, in *Champion* v. *Noyes,* 2 Mass. 481, at pages 487, 488 that the bail or surety "not being in this action absolutely liable to the plaintiff for the debt, ought to be discharged without surrendering the principal. The plaintiff having no longer any remedy against the principal, it would be unreasonable to permit him to proceed, and make the bail absolutely holden to satisfy his judgment, which is now legally discharged. . . . Were the principal . . . surrendered, the Court could not commit him; or, if committed, he would the next moment be entitled to his discharge. To surrender him, under these circumstances, would be expensive to the bail, oppressive to the principal, and useless to the plaintiff." The case at bar is governed by the doctrine thus declared. For a period of more than a month prior to the default on the recognizance, it was not, through the operation of the bankruptcy law, practicable for the defendant to seize the body of the principal debtor and surrender him and thus exonerate himself from further liability. Being prevented thus by act of the law from protecting himself from further liability, he ought not to be held to that liability. To the same effect in principle is *Everett* v. *Henderson,* 150 Mass. 411. Decisions in other jurisdictions are in accord. *Fogg Co.* v. *Bartlett,* 106 Maine, 122. *Keyes* v. *Bennett,* 218 Ill. 625. *Trumbull* v. *Healy,* 21 Wend. 670. *M'Causland* v. *Waller,* 1 Harr. & J. 156. *McGlensey* v. *McLear,* 1 Harringt. (Del.) 466. *Nettleton* v. *Billings,* 17 N. H. 453. *Thomae, Kall & Co.* v. *Brown,* 9 Watts, 288. *Richardson* v. *M'Intyre,* 4 Wash. C. C. 412. The case at bar is distinguishable from adjudications like *Guaranty Security Corp.* v. *Oppenheimer,* 243 Mass. 324, and *H. F. Livermore Co.* v. *Fidelity & Casualty*

*Co. of New York,* 259 Mass. 419, 424. The applicable rule of law would be different if the discharge in bankruptcy had been granted to the principal debtor after the breach of the recognizance. *Carpenter* v. *Goddard,* 191 Mass. 54.

It has been held in some connections that the benefit of a discharge in bankruptcy is personal to the bankrupt and is not available to third persons. *Sibley* v. *Nason,* 196 Mass. 125. *Moyer* v. *Dewey,* 103 U. S. 301. But there are exceptions to that rule. *Upshur* v. *Briscoe,* 138 U. S. 365, 378, 379. *Fleitas* v. *Richardson,* (No. 2.), 147 U. S. 550, 556. The relation of the defendant to the bankrupt is such that he may take advantage of the discharge.

This result is in no wise inconsistent with § 16 of the bankruptcy act to the effect that the liability of a surety for a bankrupt shall not be altered by the discharge of such bankrupt. The reason is that the surety, upon a recognizance like the one at bar, in the circumstances here disclosed, by the nature of his suretyship might have discharged his obligation by the surrender of his principal before default and was bound to pay the debt only if before default he omitted to make such surrender and has been by the discharge in bankruptcy deprived of the right to discharge his obligation by the surrender of his principal, thus differentiating such a surety in respect to his obligation from suretyship of the ordinary nature.

The argument of the plaintiff founded on G. L. c. 231, § 13, and the decisions arising thereunder, that a judgment shall not be arrested for a cause existing before verdict, has no relevancy to the facts here disclosed. The judgment heretofore entered is not affected by anything here decided. This opinion rests on the ascertainment of the amount for which execution justly and equitably ought to issue. G. L. c. 224, § 52. The further provision of that section to the effect that, in case of a recognizance taken on execution, the execution, after entry of judgment in an action on the recognizance for the penalty thereof, shall issue for not "less than the amount due on the original judgment," requires an examination of what has happened to that original judgment by way of partial or entire payment or other bar

to its enforcement. The discharge in bankruptcy of the judgment debtor subsequent to the rendition of the original judgment shows that there is nothing now due thereon. Although the facts in the case at bar differ somewhat from those in *Hopwood* v. *Smith,* 170 Mass. 428, the principle of that decision is applicable. It follows that the execution ought to issue for nominal damages only. *American Stable Co.* v. *Clarke,* 221 Mass. 271.

This case is not affected by St. 1927, c. 334: see § 7.

> *Order dismissing report reversed.*
> *Execution to issue for nominal*
> *damages only, with costs.*